# THE LAW OFFICES OF H. JULIAN FRACHTMAN
Attorney and Counselor at Law
Certified Attorney *Ad Litem*
3100 RICHMOND AVENUE, SUITE 203
HOUSTON, TEXAS 77098

---

Telephone (832) 499-0611
Telecopier (713) 651-0819

*Hfrachtmanlaw@gmail.com*

---

**March 5th, 2024**

**US DISTRICT COURTS, SOUTHERN DISTRICT**           *VIA E-FILE*
Rhonda Hawkins, Case Manager                        *& regular mail*
United States District Clerk's Office
515 Rusk Street, Room 9110
Houston, TX 77002

    RE:    *Response to Reply to Plaintiff's Letter of Discovery Dispute*

1. The Defendant has omitted material elements from its Letter of Response submitted before the Court on 2/28/2024. In efforts to provide additional context and transparency, Plaintiff now provides the following in direct address to the letter submitted as Docket No. 62, in reverse order. Plaintiff argues that concluding depositions and addressing all of the Plaintiff's discovery concerns is *not* feasible within the time permitted on the Scheduling Order.

2. The Defendant's explanation regarding the production of redacted emails, with an additional privilege log is *demonstrably false*. Defendant's substitution of counsel occurred on November 21st, 2023. Plaintiff requested, and received, the incomplete, non-redacted version of these documents in *August* of 2023. Defendant supplemented this production in January of 2024 only *after* Plaintiff submitted her Notice of Discovery Deficiency in December of 2023. For Defendant to argue that there was a "time-frame" issue is disingenuous at best.

3. Plaintiff has a standing request for documents in native format *within the Instructions and Definitions* of all of her discovery requests, and would direct the Court's attention – as well as Mr. Misra's – to Plaintiff's **Exhibit A**. All of the Plaintiff's Requests for Production contain a *standing* meta-data & Priv Log request which the Defendant ignored throughout its production in 2023, and continues to ignore, evidenced by Mr. Misra's assertion that "at no time has Mr. Frachtman sought native format documents..."

To whit:    Plaintiff's Instructions & Definitions for Requests for Production
    "11.    All items which may be categorized as "documents", "emails", or any other digital means of recording, documentation, or transmission, shall necessarily include the item in its **native format** with relevant and associated **meta-data** attached to said item."

Moreover:
    "5.    With respect to any information Defendants claim is privileged, please give a brief description of the nature of the subject matter of the information, the persons having knowledge of the information, and the grounds and circumstances on

|   |   |
|---|---|
|   | which you claim it is privileged. A privilege log, or Priv Log, shall be produced in tandem with the submission of any such answer denoting privilege."; ... |
|   | "8. You must produce the requested documents as they are kept in the usual course of business, or you must organize and label them to correspond with the categories in this request." |

4. Discovery requests are not confined to proving *prima facie* elements, but to providing key factual evidence and documents which are *relevant* to the Plaintiff's causes of action. If Mr. Misra would explain how the Defendant's failure to communicate with the Plaintiff regarding her on-the-job-injury and need for accommodation, are somehow unrelated to her claims, Plaintiff would appreciate such a brief.

5. Mr. Misra's claim that Plaintiff's assertions of duplicative production by the Defendant are hyperbolic, is materially & demonstrably false. Mr. Misra seems to be confused as to the duplicative nature of the Defendant's production within its 4,000+ page document dump. As Plaintiff's counsel and his staff spent approximately four (4) weeks consumed by going through everything with a fine-tooth comb, Plaintiff will now supply a sample of the duplicative production in summary:

6. Letter Regarding Changes to the JCBA: no less than *nineteen* (**19**) times throughout the production. (United 000249, United 000257, United 000960, United 000974, United 004332, United 004337, United 004343, United 004376, United 004409, United 004412, United 004418, United 004470, United 004475, United 004504, United 004971, United 004976, United 005436, United 005560, United 005593).

7. Notice of Termination: produced no less than fourteen (**14**) times throughout Defendant's 5,640 pages of production (United000247, United000255, United000972, United004326, United004330, United004335, United004374, United004407, United004416, United004468, United004473, United004974, United005434, United005591.)

8. Defendant's "Working Together" packet, **100** pages, produced a least eight (**8**) times; Of the six instances produced: (i) one was from May, 2018 [ *non-responsive* ]; (ii) two were from August of 2019 [ *non-responsive*] ; (iii) one was from February, 2019 [ *non-responsive* ]; (iv) one was from May, 2019 [ *non-responsive* ]; (v) one was from November of 2019 [non-responsive]; (vi) another two were from August of 2020 [ *non-responsive* ]. Only two of those( vii & viii ) were in the **relevant** period of June, 2019.

9. Defendant's "Leaves of Absence" packet, **130** pages, produced no less than seven (**7**) times. Of the seven instances of production: (i & ii) two were from February of 2019 [ *non-responsive* ]; (iii) one was from November of 2021 [ *non-responsive* ]; (iv & v) two were from December of 2021 [ *non-responsive* ]. Only two of those (vi & vii) were from the **relevant** period of June, 2019. Plaintiff is complaining about the volume of *non-responsive* documents produced by the Defendant in bad faith. Hence, the Defendant, in its 5,649 pages of useless fodder, has ***failed*** in its discovery obligations. The Plaintiff believes this to be intentional, as she herself is able to provide documents which the Defendant possessed, yet fails to produce.

       Respectfully submitted,

                                                 */s/    Julian Frachtman*
                                                H. Julian Frachtman