IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTINE FINGER | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-04205 |
| | § | |
| UNITED AIRLINES, INC. | § | |
| *Defendant* | § | |

**PLAINTIFF'S SECOND REQUEST FOR PRODUCTION**

TO:  Defendant United Airlines, Inc., by and through their attorney of record:
Bret Holubeck, FISHER PHILLIPS, LLP, 910 Louisiana St, Ste 4000
Houston, TX 77002 bholubeck@fisherphillips.com

Now Comes Christine Finger, Plaintiff, pursuant to Fed. R. Civ. P. 36, the Plaintiff hereby serves her first requests for production upon the United Airlines, Inc., (hereinafter as "The Defendant" or "the Company"). The answers and objections, if any, shall be served on the undersigned counsel at the lead counsel's office, Attn: H. Julian Frachtman, at the Law Office of H. Julian Frachtman, 3100 Richmond Avenue, Suite 203, Houston, Texas 77098, no later than thirty (30) days from the date of service of these requests for admission. You are further notified that these Requests for Production and their answers may be offered in evidence at the trial of the above styled and numbered cause.

                                                        Respectfully submitted,

                                                         */s/ H. Julian Frachtman*
                                                      Hirsh Julian Frachtman
                                                      (TBN 24087356; SDTX No. 2695031)
                                                      Frachtman Law Office
                                                      Hfrachtmanlaw@gmail.com
                                                      3100 Richmond Ave., Ste 203
                                                      Houston, Texas 77098
                                                      Tel: (832) 499-0611
                                                      Fax: (713) 651-0819
                                                      ATTORNEY FOR PLAINTIFF

# CERTIFICATE OF SERVICE

It is certified that on June 10th, 2023, the undersigned counsel served his *Plaintiff's Second Request for Production* upon the following, via CM/ECF document filing system, email, and/or regular US mail upon:

**Jason D. Keck**
**jkeck@fisherphillips.com**

**Stephen J Roppolo**
**sroppolo@fisherphillips.com**

**Brett Holubeck**
**bholubeck@fisherphillips.com**

**Fisher Phillips, LLP**
**910 Louisiana St, Ste 4000**
**Houston, TX 77002**
**t: 713-292-0150**
**f: 713-292-0151**

                                              */s/ H. Julian Frachtman*
                                              Hirsh Julian Frachtman

## I.
## INSTRUCTIONS

Your attention is called to the following important provisions of the Federal Rules of Civil Procedure regarding discovery requests and their answers:

1.     All requests for production must be answered fully in writing in accordance with Fed. R. Civ. P. 11 and 34.

2.     In responding to these requests, please furnish all documents and tangible things available to you, including documents and tangible things in the possession of counsel, attorneys, agents, consultants, advisors, board members, and any others purporting to act on behalf of Andy Frain Services, Inc.  In the event that any request cannot be fully responded to after the exercise of due diligence, you must respond to the fullest extent possible, specify the reason(s) for your inability to respond to the remainder, state what is needed to be done in order to fully respond, estimate

when you will respond, and state whatever information, knowledge, or belief that you have concerning the unproduced portion.

3. Each request for production shall be set forth immediately prior to the response thereto.

4. Defendant United Airlines, Inc. ( hereinafter "Defendant") and your attorneys are under a duty to reasonably supplement or amend your responses to these requests for production pursuant to Fed. R. Civ. P. 26(e) if either you (Defendants), your attorney, or any other person acting on Defendant's behalf obtains further information between the time of your response and the time of trial that supplements or modifies your response.

5. With respect to any information Defendants claim is privileged, please give a brief description of the nature of the subject matter of the information, the persons having knowledge of the information, and the grounds and circumstances on which you claim it is privileged. A privilege log, or Priv Log, shall be produced in tandem with the submission of any such answer denoting privilege.

6. You shall serve a copy of your responses and objections to the request for production, if any, upon the undersigned counsel for Plaintiff Sanders within thirty (30) days after the service of these requests for production.

7. All grounds for an objection to a request shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is executed by the court for cause shown.

8. You must produce the requested documents as they are kept in the usual course of business, or you must organize and label them to correspond with the categories in this request.

## II.
## DEFINITIONS

1. "You," "your," "yours," "the Company," or "Defendants" shall mean the Defendant entity, or entities, United Airlines, Inc. and all of its representatives acting or purporting

to act on its behalf with respect to any matter inquired about in these interrogatories, including but not limited to, all employees, attorneys, accountants, board members, managers, staff, shareholders, consultants, agents, adjusters, representatives, advisors, or anyone else acting on its behalf.

2. "Officers," "Managers," "Directors" , "Executives," or "Chiefs", shall mean all employees and managers of Defendant(s) holding positions of authority within the entity with the power to hire, terminate, represent the company in its daily business functions, or act as its agents in the course of business, including but not limited to all of its representatives acting or purporting to act on its behalf with respect to any matter, as well as agents, current and former board members, chairman, etc. or anyone else purporting to act on behalf of said Defendant(s).

3. "Plaintiff," or "Ms. Finger" means Christine Finger and all of her representatives, agents, or anyone acting on her behalf, unless otherwise indicated.

4. "Defendant(s)" shall mean the named entity, or entities, above, and all and every, each and singular, its employees, directors, shareholders, managers, corporate staff, consultants, advisors, directors, agents, and anyone purporting to act on its behalf, as well as those defined in Definitions 1 & 2.

5. "Person" means the plural as well as the singular and includes: natural persons, corporations, firms, associations, partnerships, joint ventures, trusts, estates, or any other form of legal entity; and governmental agencies, departments, units, or subdivisions thereof.

6. "Statement" includes any written or graphic statement signed or otherwise adopted or proved by the person making it, and any stereographic, mechanical, electrical, or other record or transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

7. "Documentation," "notes," or "document" includes, but is not limited to, the following

items whether printed, recorded, or reproduced by any mechanical process, or written or produced by hand: agreements, communications, reports, charges, complaints, correspondence, telegrams, memoranda, applications, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, schedules, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, bills, statements, invoices, all other writings of whatever nature, notations of meetings or complaints made by hand and/or digital means, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, e-mails, tape recordings, electronic discs, data sheets or data processing cards, any marginal comments appearing on any document or thing, or any other written, recorded, transcribed, filed or graphic master, however produced or reproduced, to which Defendant or its agents, representatives, or attorneys will have or have had access.

8. "Email," or "emails" mean all digital communications created by, transmitted by, received by, communicated by, or stored by the Defendant, its agents, employees, representatives, consultants, accountants, advisors, shareholders, board members, corporate officers, or any other such individuals purporting to act in the interests of Defendants, whether in hard copy or digital format (e.g. server bank, solid state, stand alone memory, etc.), and shall include all inter-office and inter-company digital communications.

9. "Performance Issues" shall mean any concerns, problems, points of concern, employee evaluations including consistent ratings of poor performance, performance that does not merit an increase in pay, performance that does not merit a review of "acceptable" or higher, performance that does not meet industry standards or norms for average performance, violations of company policy, legal infractions, infractions of company conduct or company expectations that merit warnings whether written or verbal, demotions, reductions in pay, removal from the office, a lateral transfer, placement upon a designated performance improvement plan, tracked or recorded

metrics which may be both qualified and quantified, or out right termination.

10. Any word not defined herein shall have its normal meaning in the dictionary.

11. All items which may be categorized as "documents", "emails", or any other digital means of recording, documentation, or transmission, shall necessarily include the item in its **native format with relevant and associated meta-data attached** to said item.

## III.
## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 48:** Produce all documents evidencing that the Defendant engaged in the accommodations process, or a dialogue supporting the accommodations process, between June 1st, 2014 and June 30th, 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:** Produce a complete copy of the most recent Collective Bargaining Agreement entered into between the Plaintiff and the Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:** Produce the letter of termination issued to the Plaintiff by the Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:** Produce all documents related to the Plaintiff's termination, and or separation from employment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 52:** Produce all documents related to the three (3) year medical leave allowed for Flight Attendants, with regards to the Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 53:** Produce all Defendant's internal digital correspondence regarding the Plaintiff's medical leave from August 1st, 2014 to April 30th, 2016.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:** Produce all internal digital correspondence regarding the Plaintiff's medical leave from May 1st, 2016 to December 31st, 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 55:** Produce Plaintiff's entire personnel file, as kept in the normal course of business by the Defendant, from date of hire July 1, 1984 to June 30, 2019. [ This request shall necessarily include any and all data-entry provided by Defendant's employees in any peripheral entry system, such as hidden comments, 'manager's eyes only' entries, or any tab, folder, sub-system, or attachments designated as 'Hide Comments'. ]

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 56:** Produce all documents, related to the Plaintiff's employee benefits, with regards to the implementation and ratification of the Collective Bargaining Agreement entered into in 2016 between Defendant and Continental Airlines, including all changes, revisions, edits, and alterations, between January 1st, 2014 through December 30th, 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 57:** Produce all documents related to the Plaintiff's pension between January 1st, 2014 through December 30th, 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 58:** Produce all documents related to the Plaintiff's Continental Airlines Retirement Plan, or CARP, between January 1st, 2014 through December 30th, 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 59:** Produce all documents related to, or evidencing, the Plaintiff's vacation payment payouts from the Defendant, from January 1st, 2014 through December 30th, 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 60:** Produce the Plaintiff's complete Workers Compensation File from August 4th, 2014 through August 8th, 2016.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 61:** Produce all correspondence from Gallagher Bassett, its agents, employees, or representatives, regarding the Plaintiff, from January 1st, 2014 through December 30th, 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 62:** Produce all correspondence from Coventry, its agents, employees, or representatives, regarding the Plaintiff, from January 1st, 2014 through December 30th, 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 63:** Produce all correspondence from GENEX, its agents, employees, or representatives, regarding the Plaintiff, from January 1st, 2014 through December 30th, 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 64:** Produce all Workers Compensation doctor's notes, reports, memoranda, or other correspondence, regarding the Plaintiff, submitted to the Defendant between January 1st, 2014 through December 30th, 2019. [ This request shall necessarily include, radiology reports, patient notes, physical therapy notes, and progress reports associated with the Plaintiff's file. ]

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 65:** Produce all digital correspondence between Defendant, Plaintiff, and Gallagher Bassett, its agents, employees, or representatives, in any permutation or combination, from January 1st, 2014 through the present date. [ This request shall necessarily include any insurance agent, adjuster, or supervisor whom may have been included in the correspondence. ]

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 66:** Produce all digital correspondence between Defendant, Plaintiff, and Coventry, its agents, employees, or representatives, in any permutation or combination, from January 1st, 2014 through the present date. [ This request shall necessarily include any insurance agent, adjuster, or supervisor whom may have been included in the correspondence. ]

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 67:** Produce all digital correspondence between Defendant, Plaintiff, and GENEX, its agents, employees, or representatives, in any permutation or combination, from January 1st, 2014 through the present date. [ This request shall necessarily include any insurance agent, adjuster, or supervisor whom may have been included in the correspondence. ]

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 68:** Produce the Plaintiff's complete Workers Compensation file, as kept in the normal course of business by the Defendant, from August 8th, 2016 through the present date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 69:** Produce all digital correspondence between Defendant, Plaintiff, and Sedgwick, or its agents, employees, or representatives, in any permutation or combination, from January 1st, 2014 through the present date. [ This request shall necessarily include any insurance agent, adjuster, or supervisor whom may have been included in the correspondence. ]

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 70:** Produce a complete and unadulterate copy of the Defendant's "Extent of Injuries" report, with regards to the Plaintiff, from June 27th, 2017 for any and all injuries sustained on or about August 4th, 2014.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 71:** Produce all documents, correspondence, memoranda, internal digital communications, or human resources / personnel notes, related to the Plaintiff's injury sustained during her RQUAL training on or about June 16th, 2019 at the Denver location.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 72:** Produce all documents, correspondence, memoranda, or internal digital communications, regarding the Plaintiff's June 16th, 2019 injury, crafted by, generated from, or received by the Inflight Training Facility Instructor at the Denver location.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 73:** Produce a complete copy of the On the Job Injury ("OJI") Report kept by the Defendant in the normal course of business regarding the Plaintiff's June 16th, 2019 injury.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 74:** Produce all internal digital correspondence and communication, exchanged by and between the Defendant's employees, regarding the Plaintiff and the incident which occurred on or about June 16th, 2019 which resulted in her injury.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 75:** Produce all documents related to any Workers Compensation payout the Plaintiff may have received in conjunction with her August 4th, 2014 incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 76:** Produce all documents related to any Workers Compensation payout the Plaintiff may have received in conjunction with her June 16th, 2019 incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 77:** Produce all digital correspondence and communication between TG Miller and Tammy Holt, regarding the Plaintiff, from August 4th, 2014 through December 31st, 2019, utilizing the following key-word search phrases: "Finger"; "Attendant" ; "Christine" ; "RTW" ; "Active" ; "Inactive" ; "deadline" ; "Active Status". [ In efforts to avoid possible breach of Attorney-Client privilege, or concerns over Attorney Work Product, to the extent that legal counsel may have been included in this correspondence, Defendant is encouraged to redact all relevant work product, contingent upon the provision of a Privilege Log (or Priv Log) detailing the general nature of the redacted / protected information. ]

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 78:** Produce all digital correspondence between Tammy Holt and Elizabeth Hibbard, from August 4th, 2014 through December 31st, 2019, referencing the Plaintiff. [ In efforts to avoid possible breach of Attorney-Client privilege, or concerns over Attorney Work Product, to the extent that legal counsel may have been included in this correspondence, Defendant is encouraged to redact all relevant work product, contingent upon the provision of a Privilege Log (or Priv Log) detailing the general nature of the redacted / protected information. ]

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 79:** Produce all digital correspondence between Tammy Holt and Elizabeth Hibbard, from August 4th, 2014 through December 31st, 2019, containing the key words: "active" ; "status" ; "Finger" ; "inactive" ; "Christine" ; "active status" ; and "deadline". [ In efforts to avoid possible breach of Attorney-Client privilege, or concerns over Attorney Work Product, to the extent that legal counsel may have been included in this correspondence, Defendant is encouraged to redact all relevant work product, contingent upon the provision of a Privilege Log (or Priv Log) detailing the general nature of the redacted / protected information. ]

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 80:** Produce all digital correspondence between Tammy Holt and Aleta Stansbery, from August 4th, 2014 through December 31st, 2019, containing the key words: "active" ; "status" ; "Finger" ; "inactive" ; "Christine" ; "active status" ; and "deadline". [ In efforts to avoid possible breach of Attorney-Client privilege, or concerns over Attorney Work Product, to the extent that legal counsel may have been included in this correspondence, Defendant is encouraged to redact all relevant work product, contingent upon the provision of a Privilege Log (or Priv Log) detailing the general nature of the redacted / protected information. ]

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 81:** Produce all digital correspondence between Tammy Holt and Crystal Heckman, from August 4th, 2014 through December 31st, 2019, containing the key words: "active" ; "status" ; "Finger" ; "inactive" ; "Christine" ; "active status" ; and "deadline". [ In efforts to avoid possible breach of Attorney-Client privilege, or concerns over Attorney Work Product, to the extent that legal counsel may have been included in this correspondence, Defendant is encouraged to redact all relevant work product, contingent upon the provision of a Privilege Log (or Priv Log) detailing the general nature of the redacted / protected information. ]

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 82:** Produce all digital correspondence between Tammy Holt and Bob Krabbe, from August 4th, 2014 through December 31st, 2019, containing the key words: "active" ; "status" ; "Finger" ; "inactive" ; "Christine" ; "active status" ; and "deadline". [ In efforts to avoid possible breach of Attorney-Client privilege, or concerns over Attorney Work Product, to the extent that legal counsel may have been included in this correspondence, Defendant is encouraged to redact all relevant work product, contingent upon the provision of a Privilege Log (or Priv Log) detailing the general nature of the redacted / protected information. ]

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 83:** Produce all digital correspondence between Tammy Holt and Dominic Cordova, from August 4th, 2014 through December 31st, 2019, containing the key words: "active" ; "status" ; "Finger" ; "inactive" ; "Christine" ; "active status" ; and "deadline". [ In efforts to avoid possible breach of Attorney-Client privilege, or concerns over Attorney Work Product, to the extent that legal counsel may have been included in this correspondence, Defendant is encouraged to redact all relevant work product, contingent upon the provision of a Privilege Log (or Priv Log) detailing the general nature of the redacted / protected information. ]

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 84:** Produce all digital correspondence between Tammy Holt, Elizabeth Hibbard, Aleta Stansbery, Crystal Heckman, Dominic Cordova, and Bob Krabbe, in any combination or permutation, regarding the Plaintiff in any way, from August 4th, 2014 through December 31st, 2019. [ In efforts to avoid possible breach of Attorney-Client privilege, or concerns over Attorney Work Product, to the extent that legal counsel may have been included in this correspondence, Defendant is encouraged to redact all relevant work product, contingent upon the provision of a Privilege Log (or Priv Log) detailing the general nature of the redacted / protected information. ]

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 85:** Produce complete copies of all Affidavits submitted by Mr. Bob Krabbe to the Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 86:** Produce a complete copy of the Workers Compensation Handbook issued to the Plaintiff upon her return to work in 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 87:** Produce all digital correspondence and communication between the Defendant's Employee Services Center (ESC) and the Plaintiff, between June 1st, 2019 and June 30th, 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 88:** Produce all digital correspondence and communication between the Defendant's Employee Services Center (ESC) and Dominic Cordova, regarding the Plaintiff, between June 1st, 2019 and June 30th, 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 89:** Produce all digital correspondence and communication between the Defendant's Employee Services Center (ESC) and Rick Velez, regarding the Plaintiff. between June 1st, 2019 and June 30th, 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 90:** Produce all digital correspondence and communication between the Plaintiff, Aleta Stansbury, Defendant's Employee Services Center (ESC) and Dominic Cordova in any combination or permutation, between June 1st, 2019 and June 30th, 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 91:** Produce all digital correspondence and communication between the Plaintiff and Dominic Cordova, between June 1st, 2019 and June 30th, 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 92:** Produce all digital correspondence and communication between the Plaintiff and Rick Velez, between June 1st, 2019 and June 30th, 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 93:** Produce all digital correspondence and communication between the Plaintiff and Aleta Stansbury, between June 1st, 2019 and June 30th, 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 94:** Produce all notes, memoranda, documents, and records reflecting hand written notation, kept by the Defendant's Employee Services Center in the normal course of business, regarding the Plaintiff, generated between June 1st, 2019 and the present date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 95:** Produce all documents detailing the procedure by which an employee should report an OJI to her supervisor, and initiate the process of communication between the supervisor, Employee Services Center, and Third Party Administrator, as of June 1st, 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 96:** Produce all digital correspondence between the Defendant's Employee Services Center, the Defendant's Third Party Administrator Sedgwick, and Dominic Cordova, regarding the Plaintiff, between June 1st, 2019 and June 30th, 2019. [ In efforts to avoid possible breach of Attorney-Client privilege, or concerns over Attorney Work Product, to the extent that legal counsel may have been included in this correspondence, Defendant is encouraged to redact all relevant work product, contingent upon the provision of a Privilege Log (or Priv Log) detailing the general nature of the redacted / protected information. ]

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 97:** Produce all digital correspondence between the Defendant's Employee Services Center, the Defendant's Third Party Administrator Sedgwick, and Rick Velez, regarding the Plaintiff, between June 1st, 2019 and June 30th, 2019. [ In efforts to avoid possible breach of Attorney-Client privilege, or concerns over Attorney Work Product, to the extent that legal counsel may have been included in this correspondence, Defendant is encouraged to redact all relevant work product, contingent upon the provision of a Privilege Log (or Priv Log) detailing the general nature of the redacted / protected information. ]

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 98:** Produce the call logs showing incoming calls from the Plaintiff to Stansbury from June 14th, 2019 through June 30th, 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 99:** Produce all documents, printouts, hard-copies, notations, or memoranda in the Defendant's possession which show or indicate the Plaintiff's status as either "active" or "inactive" which where generated, transmitted, or otherwise published, between June 1st, 2019 and June 30th, 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 100:** Produce all documents submitted by Dominic Cordova to the Defendant's Employee Services Center, regarding the Plaintiff, between June 14th, 2019 and June 30th, 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 101:** Produce all documents submitted by Dominic Cordova to the Defendant's Third Party Administrator, Sedgwick, regarding the Plaintiff, between June 14th, 2019 and June 30th, 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 102:** Produce all documents submitted by Rick Velez to the Defendant's Employee Services Center, regarding the Plaintiff, between June 14th, 2019 and June 30th, 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 103:** Produce all documents submitted by Rick Velez to the Defendant's Third Party Administrator, Sedgwick, regarding the Plaintiff, between June 14th, 2019 and June 30th, 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 104:** Produce all documents related to the change in supervisors over the Plaintiff from Dominic Cordova to Rick Velez.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 105:** Produce all correspondence between Aleta Stansbury, Rick Velez, and Dominic Cordova, regarding the Plaintiff, between June 1st, 2019 and June 30th, 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 106:** Produce any and all other documents that Defendant intends to rely upon in support of possible dispositive motions.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 107:** Produce any and all other documents that Defendant intends to rely upon at the time of trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 108:** Produce all digital correspondence between Tammy Holt, Elizabeth Hibbard, Aleta Stansbery, Crystal Heckman, Dominic Cordova, Rick Velez, and Bob Krabbe, in any combination or permutation, regarding the Plaintiff, from June 1st, 2019 through August 1st, 2019. [ In efforts to avoid possible breach of Attorney-Client privilege, or concerns over Attorney Work Product, to the extent that legal counsel may have been included in this correspondence, Defendant is encouraged to redact all relevant work product, contingent upon the provision of a Privilege Log (or Priv Log) detailing the general nature of the redacted / protected information. ]

**RESPONSE:**