IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JAN 08 2026

Nathan Ochsner, Clerk of Court

CHRISTINE FINGER,

Plaintiff, Pro Se,

v.

UNITED AIRLINES, INC.,

Defendant.

Case No. 4:20-cv-04205

HONORABLE JUDGE HANEN

PLAINTIFF'S MOTION TO ENFORCE DEPOSITION SCHEDULING AND SET DATE CERTAIN

EMERGENCY-NARROW RELIEF REQUESTED

Plaintiff respectfully requests immediate Court intervention pursuant to the Court's Order at Dkt. 194, which directed that depositions proceed promptly and without delay and cautioned that continued delays would not be viewed favorably.

More than six weeks after that Order, the depositions of key witnesses have still not been completed due to repeated scheduling delays, despite Plaintiff's diligence and repeated efforts to proceed.

**A. Pattern of Delay Following Dkt. 194 – Aleta Stansberry**

Following the Court's Order at Dkt. 194 directing that depositions proceed promptly and without delay, Plaintiff attempted to schedule the deposition of Aleta Stansberry, a critical witness.

On December 31, 2025, Defendant advised that Ms. Stansberry could not be produced due to long-standing holiday plans.

As a result, Ms. Stansberry's deposition did not occur, despite Plaintiff's efforts to proceed within the Court-ordered discovery schedule.

Plaintiff did not receive confirmed alternative deposition dates for Ms. Stansberry until ***January 7, 2026, more than six weeks after the Court's Order, further compressing the remaining discovery period.***

This delay occurred after the Court's warning at Dkt. 194 and reflects a continued pattern of postponed or unavailable depositions.

B. Ongoing Delay – Dominic Cordova

Plaintiff has been diligently attempting to schedule the deposition of Dominic Cordova, Plaintiff's direct supervisor and a critical witness regarding injury classification, accommodation, and separation decisions, since September 2025. Mr. Cordova's deposition has never been completed or confirmed for any date.

When Plaintiff pressed for dates in the fall of 2025, Defendant provided only two dates, both of which fell on a Saturday and Sunday during the Thanksgiving holiday weekend, when business operations were closed and Plaintiff could not reasonably proceed. Defendant subsequently represented that Mr. Cordova's availability could not be confirmed because he is a flight attendant and allegedly does not receive his monthly schedule until the 21st of the month. However, as a matter of standard flight operations, Mr. Cordova would have received his January schedule on or about **December 21,** 2025, and therefore would have known his January availability well before Plaintiff renewed scheduling efforts in early January.

**On December 23, 2025**, Plaintiff again requested deposition dates for Mr. Cordova. Defendant's counsel responded with an automatic out-of-office message stating he would be unavailable until January 5, 2026, while continuing to receive emails during that period. No alternative scheduling arrangements were made despite ongoing discovery obligations.

**On January 5, 2026,** Defendant for the first time provided weekday availability for Mr. Cordova. Plaintiff immediately selected one of the dates offered, secured a Zoom link, and issued a formal notice of deposition.

When Defendant advised that Mr. Cordova could not attend that date, Plaintiff again adjusted the schedule and ***re-issued the Zoom link to accommodate another date proposed by Defendant (January 14, 2026).***

After the deposition had been noticed and scheduled, Defendant advised that Mr. Cordova would not be able to attend on **January 14, and as of January 8, 2026**,

represented for the first time that Mr. Cordova is now on medical leave, without providing a firm alternative date.

Plaintiff therefore seeks that Mr. Cordova be produced for deposition on **January 22, 2026**, a date already noticed and providing sufficient time to accommodate any temporary limitation. If Defendant contends that Mr. Cordova cannot attend on that date, Plaintiff respectfully requests that Defendant be required to provide a sworn medical statement specifying the nature and expected duration of the limitation.

C. Prejudice and Imminent Discovery Deadline

Plaintiff has repeatedly rearranged other witness schedules, adjusted noticed dates, and taken all reasonable steps to accommodate availability.

Discovery closes in approximately 22 days, and there are 7 days scheduled for depositions already.

Without Mr. Cordova's deposition, discovery cannot be completed, and Plaintiff will be materially prejudiced in opposing summary judgment through no fault of her own.

**REQUEST FOR RELIEF**

Plaintiff respectfully requests that the Court:

Order Defendant to produce **Dominic Cordova for deposition on January 22, 2026,** as already noticed; or

In the alternative, require Defendant to provide a sworn statement specifying the earliest date Mr. Cordova can appear and the medical basis for any limitation preventing his attendance; or

Grant such other limited relief as necessary to ensure completion of this deposition before the close of discovery.

Plaintiff seeks no sanctions at this time—only the Court's assistance in enforcing its prior Order and preventing further delay.

Respectfully submitted,

January 8. 2026

/s/ Christine Finger

Plaintiff, Pro Se
47 N. High Oaks Circe
The Woodlands Texas 77380.
832-656-6999