**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHRISTINE FINGER,** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **v.** | § | **CASE NO. 4:20-CV-04205** |
| | § | |
| **UNITED AIRLINES, INC.,** | § | |
| | § | |
| ***Defendant.*** | § | |

---

**DEFENDANT'S RESPONSE TO PLAINTIFF'S EMERGENCY MOTION TO ENFORCE DISCOVERY ORDERS, FOR RULE 56(D) RELIEF, AND TO CORRECT THE RECORD REGARDING DEFENDANT'S COMPLIANCE AND PROTECTIVE ORDERS**

---

Defendant United Airlines, Inc. ("UA") files this response to the emergency motion filed by Plaintiff Christine Finger ("Finger"), Dkt. 227.

## I.
## INTRODUCTION

1. Three weeks after the close of discovery and United filing its motion for summary judgment. Finger asks that the Court reopen discovery. Instead of filing her response to United's motion, Finger comes back to the Court and asks that the Court reopen discovery yet again and delay its consideration of United's motion for summary judgment. The Court should deny her motion.

## II.
## ARGUMENT AND AUTHORITIES

2. Finger argues that United has not complied with the Court's November 24, 2025 order, Dkt. 194. She correctly states that United complied with the Court's order only by referring to previously produced documents. She then argues that United's reference to previously produced

documents fails to comply with the Court's order because United has not produced "any materials generated during the ensuing six years of grievance proceedings, arbitration, appeals, ongoing litigation, or deposition activity." Dkt. 227 at 3. Finger mistakenly presumes, without any evidence, that United created new documents during the course of litigation which are responsive to discovery. To the extent such emails exist, they fall within the privilege of attorney-client communications. Outside of such privileged communications, such documents do not exist.

3. Finger similarly argues that United has not complied with the Court's January 13, 2026 order, Dkt. 212. She correctly states that United "recycled" its earlier communication with her. She again presumes, without any evidence, that additional responsive documents exist. Given the fact that this litigation has now entered its sixth year, the Court should reasonably conclude the opposite, namely that United has produced all responsive documents long ago.

4. Finger then argues that the deposition testimony of United's employee Aleta Stansberry has disclosed the existence of documents which require the reopening of discovery. In particular, Finger offers an excerpt from Stansberry's deposition in which Stansberry testifies that (1) Finger's "P file was sent to legal, your paper file" and (2) she has access to an electronic file in a system known as "IR." Based on this testimony, Finger makes the giant and unfounded leap that (1) United has not produced her P file in its entirety and (2) United has not produced other documents.

5. Nothing in Stansberry's testimony contradicts United's position that it has already produced Finger's P file. United has produced documents numbered hundreds of pages which comprise Finger's P file as it exists in its entirety. In October 2024, United even produced a portion of Finger's attendance file, which it located in its offsite storage. *See* Ex. 1.[1] This attendance file

---

[1] The terms P File and PE File refer to the same personnel file.

reaches back to 1988. United has produced Finger's P file in its entirety.

6. Nothing in Stansberry's testimony indicates that the undersigned counsel has Finger's original P file in his custody. In fact, Stansberry specifies in her testimony that "corporate legal" has her P file, not the undersigned counsel—

Q. Okay. So you do have records; you just didn't bring them? You have records that were...
A. Your P file was sent to legal, your paper file. Your electronic file is available online, and when I say "online" --
Q. Do you --
A. -- in our corporate thing. So, yes, I can access that and see it. Is that what you're asking?
Q. You have my P file? You mean my...
A. Your personnel file, the P files that we had in the back, yes.
Q. Okay. The paper ones?
A. Yeah.
Q. You still have those?
A. No. Legal has them.
Q. Well, that's what I mean.
So you-all have my paper files?
A. I think it's corporate, legal.
MR. MISRA: I mean, it's been produced.
MS. FINGER: Yes.
Q. (By Ms. Finger) So wouldn't there be something about my charters in there?
MR. MISRA: I don't want to spend time on the record --
MS. FINGER: Okay.
MR. MISRA: -- or her deposition. That's a discovery matter, so if you have any more questions for Aleta, please ask them; otherwise --
Q. (By Ms. Finger) Is there anything to do with my charters on -- in my personnel file?
A. I don't have your personnel files, so I don't know.
Q. The whatever file, the --
A. The electronic file? No. That would only be your -- your -- anything since we went electronic, which would be my process, you know?
Q. What year? I don't --
A. Like 2018-2019.
Q. Okay. So --
A. When we went to IR.
Q. So you have access to those?
A. IR, yes.
Q. Okay. But you didn't bring anything with you

today from that?
A. No.

*See* Ex. 2 at 181:10 to 183:4. Nothing in Stansberry's testimony contradicts United's position that Finger P file does not contain records related to her work in its charter flights. Nothing in Stansberry's testimony indicates that the "IR" electronic file system contains documents which United has failed to produce.

7. Finger then asks that the Court appoint an "independent third party" to retrieve her P file and the allegedly unproduced "IR" documents. Dkt. 227 at 7. However, she fails to meet any of the criteria under Rule 53 of appointment of a special master. FED. R. CIV. P. 53. Without Finger identifying any "exceptional condition" as required by the rule, the Court cannot appoint a special master. *See*, *e.g.*, Sierra Club v. Clifford, 257 F.3d 444, 446 (5th Cir. 2001) (holding that it was an abuse of discretion to appoint special master where plaintiff failed to demonstrate exceptional conditions existed).

8. Finger also rehashes why she failed to take depositions despite the parties previously agreeing to a mutually convenient schedule. She argues that she could not proceed with taking depositions because "Defendant is actively suppressing … records." Dkt. 227 at 9. Finger has made this same argument time and time again without any basis whatsoever. Even with Stansberry's deposition testimony, Finger has no evidence to support her argument that United has failed to produce responsive documents.

9. Finger then closes her motion by invoking Rule 56(d) and asking that the Court defer ruling on United's motion for summary judgment. To rely on Rule 56(d) to defer summary judgment in favor of further discovery, a plaintiff "must (i) request extended discovery prior to the district court's ruling on summary judgment, (ii) put the district court on notice that further discovery pertaining to the summary judgment motion is being sought, (iii) demonstrate to the

district court specifically how the requested discovery pertains to the pending motion, and (iv) diligently pursue relevant discovery." Chevron U.S.A., Inc. v. Traillour Oil Co., 987 F.2d 1138, 1155-56 (5th Cir. 1993). "Under Rule 56(d), deferring summary judgment and ordering discovery is appropriate only if the nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." James v. Smith, 152 F.4th 594, 603 (5th Cir. 2025) (internal citations and quotations omitted). "A party may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Id*. (internal citations and quotations omitted). Finger has not submitted any affidavit or declaration at all, much less one which explains what facts she needs to discover to defeat United's motion for summary judgment. Given that United has articulated a legitimate, non-discriminatory, non-retaliatory reason for Finger's administrative separation, Finger must identify discovery needed to create a fact issue as to pretext. She has failed to do so. She has also failed to exercise any diligence. At no point in the past six years, even after she lost her grievance arbitration, has Finger (or her prior attorneys) understood her summary judgment burden and tailored discovery to meet it. She never sought comparator discovery. She cancelled the scheduled deposition of Bob Krabbe, the United labor relations official whose recommended application of the underlying collective bargaining agreement and leave of absence policy resulted in her separation. Finger fails to meet the standard under Rule 56(d), and the Court should not defer summary judgment.

## III.
## CONCLUSION

10. The Court should deny Finger's request for a special master under Rule 53 and request to defer summary judgment under Rule 56(d). The Court should deny this motion in its entirety.

Respectfully submitted,

THE MISRA LEGAL GROUP

By: **/s/ Amit K. Misra**
Amit K. Misra, Esq., P.C.
S.D. Tex. No. 21460
State Bar of Tex. No. 00795534

639 Heights Boulevard
Houston, Texas 77007
832-723-4776 Telephone
832-476-9656 Telecopier
amit@misralegal.com

ATTORNEYS FOR DEFENDANT
UNITED AIRLINES, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23d day of February, 2026, a copy of the foregoing was filed electronically with the Clerk of Court and served by email as permitted by the consent of parties under Rule 5(b)(2)(F), to the following pro se party:

Christine Finger
1ladyfinger@gmail.com

**/s/ Amit K. Misra**
Amit K. Misra