MISRA LEGAL GROUP

639 Heights Boulevard • Houston, Texas 77007
Tel: 832-723-4776 • Fax: 832-476-9656
www.misralegal.com

AMIT K. MISRA, ESQ., P.C.
amit@misralegal.com

BOARD CERTIFIED
LABOR AND EMPLOYMENT LAW

October 11, 2024

**Via Email – 1ladyfinger@gmail.com**

Christine Finger
3013 Sackett Street
Houston, Texas 77098

Re: Case No. 4:20-cv-04205; *Christine Finger v. United Airlines, Inc.*; Before the U.S. District Court for the Southern District of Texas, Houston Division.

Dear Christine:

I am responding to your email of October 8, 2024, restating the issues raised in your August 22, 2024 email.

As a preface to my response, I emphasize that your complaint states claims for age discrimination, disability discrimination, and retaliation. All your claims stem from your administrative employment separation. While United has an obligation to participate in discovery in good faith, discovery must seek relevant information, with relevance determined by the claims which you have asserted and the facts underlying those claims. Based on the facts which you have alleged in your complaint, United objects to any discovery into matters unrelated to the events culminating in your administrative employment separation.

1. Calls Made to IAH Inflight Base.

Other than the records of phone calls in the "HR Cases" log (United 5396-5412), United does not currently have any other records of phone calls or voicemails relevant to your claims.

You have referred to CBA Section 3.F for the requirement that United record crew scheduling telephone calls and keep recordings for sixty days. United has accurately informed the Court that such recordings no longer exist. I have confirmed that the telephone recording system purges recordings after one year. Your crew scheduling telephone calls were not relevant to any of the issues raised in your post-separation grievance, EEOC charge, and lawsuits. United did not have any obligation to preserve these recordings and did not do so.

You have referred to your telephone calls made to Dominic Cordova, Aleta Stansberry, Tammy Holt, Sabrina Clark, and the IAH Inflight Check-in Desk. These were not crew scheduling telephone calls. The CBA does not require that United maintain a system to record these telephone calls, and United does not do so. To the extent that you are seeking calls logs, I have confirmed that United does not have any policy for preserving call logs. The fact that you made these telephone calls to these individuals is not relevant to any of the issues raised in your post-separation

grievance, EEOC charge, and lawsuits. At no time when such call logs existed did United have a duty to preserve them.

2. Calls Made to United Corporate.

You have referred to your call log list which shows 47 calls made between June 16, 2019 and July 1, 2019. As stated above, United does not have any policy for preserving call logs. You have the right to offer your call log list into evidence to show that you made these telephone calls to these individuals. Again, the fact that you made these calls is not relevant to any of the issues raised in your post-separation grievance, EEOC charge, and lawsuits. At no time when such call logs existed did United have a duty to preserve them.

3. Bates #5410-5413.

You have referred to blank or missing phone call descriptions in United 5410-5413. United has produced these records as they are kept in the normal course of business. If an employee did not provide a description, then the description field is blank. There are no "missing" descriptions. To the extent that these records do not include specific calls which you allegedly made, if an employee did not log a call, then the call does not appear in the record.

You have referred to notice of your grievance dated July 1, 2019 and argue that this obligated United to preserve "all documents/phone calls." One, the federal preservation requirements only apply to relevant information when litigation is reasonably foreseeable. A labor grievance regarding your administrative employment separation, stemming from the expiration of your three-year medical leave, did not make call logs confirming that you made 47 calls relevant. The grievance surely did not make your specious age, disability, and retaliation claims reasonably foreseeable.

4. Emails Introduced Under Attorney/Client Privilege.

You have referred to several emails as being altered, deleted/pasted, and not in sequence. Again, United has produced these records as they are kept in the normal course of business and denies that it altered any document produced in discovery.

Your allegation that United altered emails ignores the dynamic nature of email communications. A recipient can reply to or forward an email at any point in the thread creating a new thread. If a recipient replies to an earlier received email in the thread rather than the last received email, the last received email will not be captured in the new thread. The last received email was not deleted from the new thread.

United 4360-4362, 5303-5305, and 5308-5310 each contain a specific email thread (the "Tammy -Elizabeth Thread"). United 4372-4373 and 5390-5391 each contain a subset of the Tammy-Elizabeth Thread, ending at an earlier point in the conversation. United 4369-4370 and 5314-5315 each contain a specific email thread (the "Aleta-Elizabeth Thread") starting with same email as the Tammy-Elizabeth Thread but then deviating at some point. You have no reasonable basis to

presume that the Tammy-Elizabeth Thread should include all emails in the Aleta-Elizabeth Thread and that the absence of these emails means that they have been deleted.

United 4421-4422 contains an email produced from Sabrina Clark's email folder. It accurately shows a specific email thread between Sabrina Clark and Bob Krabbe that originated with an email from Dominic Cordova to Sabrina Clar. You have no reasonable basis to presume that other emails between Sabrina Clark and Bob Krabbe during the period May 28 to June 27 should exist in this specific email thread and that they have been deleted.

You complaints regarding United 5627-5640 are similarly baseless.

United has produced all responsive emails without any alteration (except for redactions subject to its privilege log).

5. Charter Department Documents.

You have referred to your work as a Charter Coordinator and question why United has not produced related documents. One, United has produced your PE file as it has been maintained in the normal course of business. If there are no charter-related documents there, then United did not maintain these in your PE file in the normal course of business. Two, none of your work as a Charter Coordinator bears any relevance to this litigation. You had been on medical leave since August 2014 (barring your one month of light in April 2016), and your administrative employment separation occurred in June 2019. Nothing you did as an active employee, five years before your separation, has anything to do with the provisions of the CBA and United's policies requiring you to return to active status before the expiration of your medical leave. United has no obligation to produce any records related to your work as a Charter Coordinator.

To demonstrate the futility of your demand to find more documents, United is producing an additional attendance file, United 5750-5896, which it located in its offsite records storage. Some of these documents date back to 1988! They bear absolutely no relevance to your claims in any way whatsoever.

United long ago produced all documents relevant to your claims and even remotely responsive to your numerous discovery requests. It did not fail to preserve relevant information and has otherwise acted fully in compliance with applicable law regarding discovery.

Regards,

THE MISRA LEGAL GROUP

By: ______________________
Amit K. Misra, Esq., P.C.