IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

FEB 23 2026

Nathan Ochsner, Clerk of Court

CHRISTINE FINGER,

Plaintiff, Pro Se

v.

UNITED AIRLINES INC

Defendant

Case No. 4:20-cv-04205

**PLAINTIFF'S EMERGENCY MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S COMBINED RESTATED MOTION TO DISMISS FOR LACK OF JURISDICTION (DOC. 225) AND RESTATED MOTION FOR SUMMARY JUDGMENT (DOC. 226)**

HONORABLE JUDGE HANEN:

COMES NOW, Plaintiff, Christine Finger, proceeding pro se and respectfully moves this Court for a brief 4 day extension of time, up to and including **Friday, February 27, 2026**, to file her consolidated Response In Opposition to Defendant's Combined Restated Motion To Dismiss for Lack of Jurisdiction ( 225) and for Summary Judgment (Doc 226,)

Plaintiff filed a 56 (d)) Motion on Friday ,February 20 2026 (Doc 227) addressing newly obtained deposition testimony and compliance issues that materially bear on the summary judgment record. This filing was necessary to preserve Plaintiff's objections.

Plaintiff respectfully moves for a brief extension of time to file her response to Defendant's Motion for Summary Judgment. Plaintiff requests an additional three (3) days, up to and including **Friday, February 27, 2026**, to complete and file her response.

**In support of this request, Plaintiff states:**

1. Since September 2025, Plaintiff has diligently pursued discovery, including issuing Rule 45 subpoenas, coordinating multiple depositions, and repeatedly requesting available dates for witnesses. These depositions were scheduled at significant time and expense, only to be canceled at the last minute due to Defendant's refusal to provide dates and documentation.

2.Tammy Holt was never provided an available deposition date. Defendant repeatedly stated she was unavailable for the entire month of October, and when asked when he first learned this, counsel asserted attorney–client privilege. There were also conflicting statements regarding whether Defendant would accept Rule 45 service on her behalf—initially refusing, then later stating he was authorized to accept service. With respect to Dominic Cordova, Defendant provided only three last-minute dates, which contradicted Defendant's own prior insistence on a 10-day notice requirement that he used to block the November 14 deposition of Sabrina Clark. The remaining two dates offered for Dominic fell on Thanksgiving weekend (Saturday and Sunday), when court-reporting services were closed. Defendant " refused to provide any additional dates" or any dates within the remaining 36 days of the discovery window ending December 18. Plaintiff sought court clarification through protective-order filings, followed by Defendant filing his own protective order.

3.Following these issues, the Court held a hearing at which Defendant's summary-judgment motion was denied without prejudice, and the Court reopened discovery for a new limited discovery period.

4. Plaintiff was required to re-serve deposition notices, subpoenas, and make all logistical arrangements for a second time. Several depositions again had to be held in abeyance a week before they were set to occur because Defendant had not produced the documents necessary for meaningful examination. One witness, Dominic Cordova, was quashed entirely after Defendant filed two additional protective-order motions. These filings were based on inaccurate representations to the Court regarding Plaintiff's flexibility in scheduling Dominic's deposition, including the assertion that Plaintiff prioritized her preferred court reporter and knowingly scheduled a date conflicting with Dominic's daughter's confirmation. Plaintiff had, in fact, accommodated multiple scheduling changes and offered numerous available dates for Dominic. Given these circumstances, Plaintiff felt compelled to protect the record and filed her Rule 56(d) Motion (Dkt. 227) on Friday, February 20, to ensure the Court had an accurate and complete account of the discovery history.

**PLAINTIFF'S DILIGENCE AND DEFENDANT'S OBSTRUCTION**

**Record of Diligence:** Plaintiff has been exhaustive in her efforts to bring these discrepancies to the Court's attention. Since October 23, 2025, Plaintiff has filed a series of motions and notices (Dkts. 167, 168, 170, 171, 172, 174, 180, 206, 208, 211, and 221) regarding the integrity of the discovery process.

**Refutation of Material Facts (Dkt. 222):** Specifically, Plaintiff directs the Court's attention to **Docket 222** (filed Jan. 23, 2026), which serves as a formal Response and Objection to Defendant's Motion to Supplement (Dkt. 220). In **Docket 222**, Plaintiff provided a detailed

breakdown refuting Defense Counsel's representations regarding the scheduling of **Dominic Cordova.**

**Correction of the Record:** Docket 222 proves that the information provided to the Court in Docket 220—which formed the basis for the Court's Order in Docket 219—was factually inaccurate regarding the court reporter's availability and the "confirmation dates" provided by Counsel. Plaintiff requires this extension to ensure these proven discrepancies are fully reconciled with the Defendant's Amended Motion for Summary Judgment.

5.This " discovery issue " was further underscored during the deposition of United's corporate representative, Aleta Stansberry, who testified that responsive documents existed and were accessible to her, as well as Robert (Bob) Krabbe , Director of Labor and Crystal Heckman, (IAH Base Director) currently, but that she had been instructed not to search them. This testimony directly contradicted Defendant's counsel's representations in his "Statement of Compliance " filed on January 14, 2026 (Dkt. 214), submitted in response to the Court's Order (Dkt. 212), in which Defendant certified that all responsive documents had been searched for and produced. In spite of previous clarifications and demands for compliance regarding current discovery, Plaintiff relied on those representations in preparing for depositions and in determining whether to proceed under the Court's one-week production rule. The inconsistency between Defendant's sworn compliance filing and the corporate representative's testimony demonstrates that Plaintiff could not meaningfully prepare for summary judgment without first ensuring the accuracy and completeness of the discovery record.

6. Plaintiff reasonably expected to receive responsive documents before summary judgment, based on Defendant's repeated assurances of "compliance." Instead, Defendant filed certifications

consisting only of BATES numbers from 2023, which did not include the documents Plaintiff had been seeking for months/ years.. Plaintiff has been working to present this history accurately to the Court, including preparing detailed email chronologies showing inconsistencies in Defendant's representations.

7. Plaintiff has been navigating this cycle for five months, attempting to move discovery forward while avoiding additional unnecessary substantial $2000 deposition costs and ensuring that the record is accurate and complete.Plaintiff reasonably expected to receive responsive documents before summary judgment, based on Defendant's repeated assurances of "compliance." Instead, Defendant filed certifications consisting only of BATES numbers from 2023, which did not include the documents Plaintiff had been seeking for months/ years.. Plaintiff has been working to present this history accurately to the Court, including preparing detailed email chronologies showing inconsistencies in Defendant's representations.

8. These issues, combined with the missed production deadlines and the absence of required documents before depositions, created substantial uncertainty regarding the completeness of the record. Plaintiff therefore filed her Rule 56(d) Motion (Dkt. 227) on February 20 to ensure the Court had a full and accurate account of the discovery history before ruling on summary judgment.

9. Plaintiff did not receive the deposition transcript of United's corporate representative, Ms. Aleta, until February 14,2026 despite the deposition occurring weeks earlier, January 30, 2026 Defendant filed their Motion for Summary Judgment the next day, January 31, 2026. Ms. Aleta's testimony regarding withheld documents materially affects Plaintiff's evidentiary presentation and requires careful incorporation into her response.

10. As a pro se litigant, Plaintiff must personally review the transcript, identify relevant portions, prepare a supporting declaration, authenticate each exhibit, and assemble a complete summary-judgment record. This process is substantially more time-consuming without counsel.

11. Plaintiff respectfully reminds the Court that she is proceeding, Pro Se and does not possess the administrative infrastructure of a large law firm. She has also experienced "ongoing" significant computer and technical internet failures over the past few weeks which have impeded her ability to complete the drafting and assembly of her response and supporting evidence. The task of printing, cross-referencing and physically verifying these documents under current limitations combined with technical difficulties has become virtually impossible within the original timeframe.

12. Plaintiff has been working under an unusually compressed discovery schedule. After Plaintiff amended her complaint on the Court-ordered deadline, discovery closed immediately, without additional time to obtain documents or complete depositions that had been delayed for months. Again, Defendant filed its Motion for Summary Judgment the very next day, leaving Plaintiff no meaningful opportunity to incorporate the outstanding discovery issues, compliance certificates, or corporate-representative testimony into her response.

13. Plaintiff also notes that on Friday, February 20, she filed a detailed Emergency Motion to Enforce Discovery Orders and for Rule 56(d) relief, supported by extensive exhibits, email threads, and documentation. This filing was necessary to preserve the record regarding Defendant's repeated representations of "compliance," the absence of required documents, and the impact of these issues on the January depositions. Preparing this filing required substantial time and effort, including printing, organizing, and authenticating exhibits so the Court would have an accurate record of the discovery history. Plaintiff has been working diligently and in good faith, but the

volume of material and the need to preserve the record under Rule 56(d) have made it impossible to complete the summary-judgment response by the current deadline despite her best efforts.

15. *This request is made before the deadline, is not sought for purposes of delay, and will not prejudice Defendant. A brief three-day extension will allow Plaintiff to complete her response and ensure that the Court has a full and accurate record for consideration.*

WHEREFORE, Plaintiff respectfully requests that the Court grant a brief extension of time and permit her to file her response to Defendant's Motion for Summary Judgment on or before **February 27, 2026**

Respectfully submitted,



Christine Finger

Pro Se Plaintiff

47 N High Oaks Circle

The Woodlands, Texas 77380

1Ladyfinger@gmail.com

832-656-6999

## CERTIFICATE OF CONFERENCE

I certify that on February _23__, 2026, I conferred with counsel for Defendant regarding the relief requested in this Motion for Extension of Time. Counsel has indicated that Defendant opposes the requested extension.

/s/ Christine Finger

Christine Finger

## CERTIFICATE OF SERVICE

I certify that on February 23 2024 a true and correct copy of the foregoing was served via CM/ECF and by email on counsel listed below.

Amit K. Misra
The Misra Legal Group, P.C.
639 Heights Boulevard
Houston, Texas 77007
T: 832-723-4776 | F: 832-476-9656
Email: amit@misralegal.com

/s/ Christine Finger
Christine Finger, Pro Se
47 North High Oaks Circle
The Woodlands, Texas 77380
1LadyFinger@gmail.com | 832-656-6999