Case 4:20-cv-04205   Document 231   Filed 02/26/26 in TXSD   Page 1 of 7
United States District Court
Southern District of Texas
**ENTERED**
February 26, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTINE FINGER, | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-4205 |
| | § | |
| UNITED AIRLINES, INC., | § | |
| | § | |
| *Defendant*. | § | |
| | § | |
| | § | |

## ORDER

Pending before this Court is Plaintiff Christine Finger's ("Plaintiff" or "Finger") Notice to Correct the Record, Request for Limited Reconsideration Regarding Dominic Cordova, and Request to Defer Deposition of Robert (Bob) Krabbe (Doc. No. 221), Plaintiff's Emergency Motion to Enforce Discovery Orders, For Rule 56(d) Relief, and to Correct the Record Regarding Defendant's Compliance and Protective Orders (Doc. No. 227), and Plaintiff's Emergency Motion for Extension of Time to Respond to Defendant's Motion to Dismiss and Motion for Summary Judgment (Doc. No. 229). Pending before this Court are also Defendant United Airlines, Inc.'s ("Defendant" or "United") Motion to Dismiss (Doc. No. 225) and Motion for Summary Judgment (Doc. No. 226). The Court is in receipt of all responses and notices filed by both parties. The Court addresses the pending Motions below.

In her latest slew of filings, Finger requests this Court to reopen discovery (again) after she cancelled her pending depositions because United allegedly withheld important documents. After months of extensions and accommodations for Finger to complete these depositions, Finger only deposed one witness—Aleta Stansberry. (Doc. No. 224). According to Finger, however, the single deposition revealed that United was apparently withholding documents from her personnel

1

file, and without those documents, Finger could not proceed with the subsequent depositions. Finger voluntarily and unilaterally cancelled all the remaining depositions (that had been scheduled on mutually agreeable times and dates) within days of United's deadline to file a motion for summary judgment. (Doc. Nos. 224, 227). Finger now requests this Court, among other things, to extend her deadline to complete these depositions and ensure that United is complying with the Court's discovery orders. The Court addresses the requests below.

### A. United's Compliance with Discovery Orders

The Court first addresses Finger's contention that the deposition of Aleta Stansberry revealed new information regarding United's alleged noncompliance with this Court's discovery orders. In her nearly 400-page filing, Finger argues that Stansberry testified that she provided Finger's personnel file to United for review and production. (Doc. No. 227 at 5). Specifically, Stansberry testified that Finger's "[personnel] file was sent to legal" at the beginning of this litigation. (Doc. No. 228 at 3). According to Finger, her existing personnel file (especially as it pertains to alleged "charter flights" that she was staffed on) was never produced by United in this litigation.

In response, United has stated that any and all responsive documents to Finger's discovery requests have been produced, including all relevant and responsive documents within her personnel file. (Doc. No. 228). United has represented to this Court on numerous occasions that United has no further responsive documentation to produce. *See, e.g.*, (Doc. No. 214) (representing to this Court that it has produced all documents from Finger's personnel file and providing spreadsheet of the production sorted by witness). While United admits that Stansberry's testimony identified Finger's personnel file, United stated on the record during the deposition that "it's been produced." (Doc. No. 228 at 3). To further support its contention that United produced these

documents at the outset of discovery, United also provided a copy of correspondence with Finger from 2024 that related to these same discovery issues. (Doc. No. 228-1). In that letter, United represented to Finger that:

> United has produced your PE file as it has been maintained in the normal course of business. If there are no charter-related documents there, then United did not maintain these in your PE file in the normal course of business. . . . To demonstrate the futility of your demand to find more documents, United is producing an additional attendance file . . . which it located in its offsite records storage. Some of these documents date back to 1988!
>
> . . . United long ago produced all documents relevant to your claims and even remotely responsive to your numerous discovery requests. It did not fail to preserve relevant information and has otherwise acted fully in compliance with appliable law regarding discovery.

(Doc. No. 228-1 at 3). United has maintained its position that it has produced all relevant and responsive documents in this Court.

This Court finds that the deposition testimony of Aleta Stansberry does not contradict United's representations made to Finger and to this Court. While Stansberry acknowledged the existence of the personnel file, United has repeatedly ensured Finger and this Court that any and all responsive documents from the personnel file have been produced. Though this Court can order United to do many things, it cannot order it to produce nonexistent files. Therefore, the Court denies Finger's request to take further action on this discovery dispute.

### B. Request to Reopen Discovery

Finding that the deposition testimony of Aleta Stansberry did not reveal any suppressed discovery, the Court turns to Finger's request to reopen discovery and allow her to reschedule the cancelled depositions. In order to do so, the Court finds that it may be helpful to set out a timeline of the last six months of this litigation and its repeated accommodations for Finger to prepare for the summary judgment deadline in this case:

3

- On September 30, 2025, the Court responded to the several motions filed by Finger seeking relief from the pending Motion for Summary Judgment (Doc. No. 149). Recognizing that Finger's attorney withdrew before she filed a response to the Motion for Summary Judgment, the Court denied the pending Motion for Summary Judgment and required United to file a "certification to the Court that is has complied with all discovery related orders." (Doc. No. 163). The Court also extended the summary judgment timeline, so that Finger could file any briefing, if she chose to do so. (*Id.*).

- On October 9, 2025, United filed a certification with the Court that it had complied with all discovery-related orders in this case. (Doc. No. 166).

- After the September Order (Doc. No. 163) that extended the summary judgment briefing scheduled at Finger's request, Finger proceeded to file four lengthy emergency motions and unilaterally issued deposition notices on six separate witnesses. (Doc. Nos. 164, 167–74). At this point, discovery had been closed in this case for months.

- On October 29, 2025, the Court held a hearing with both parties to discuss how to get this case back on track to reach finality. At Finger's request, the Court reopened limited discovery for her to take the depositions of "Sabrina Clark, Dominic Cordova, Aleta Stansberry, Bob Krabbe, Crystal Heckman, Tammy Holy, and the two Association of Flight Attendants ('AFA') employees who have not been previously deposed, if she does so by December 18, 2025." (Doc. No. 179). In that Order, the Court also required United to work with Finger to schedule mutually agreeable dates for these depositions. Once again, the Court delayed the summary judgment deadlines to accommodate this additional discovery process. (*Id.*).

- After this Court reopened discovery, Finger proceeded to file seven emergency motions requesting a wide variety of relief, including further extensions of the discovery deadlines and a request to amend her complaint. (Doc. Nos. 180–84, 187, 188, 190).

- Once again, the Court accommodated Finger and responded to her repeated demands. On November 25, 2025, this Court entered an order "to bring the discovery process to a close and proceed with the summary judgment stage of this litigation." (Doc. No. 194). In that Order, the Court:

    - outlined the multiple different opportunities that this Court afforded Finger to amend her Complaint, but it yet again extended her deadline to do so. (*Id.*) (extending her deadline to amend her Complaint to January 2, 2026);

    - extended Finger's deadlines to take the depositions—this time, through February 1, 2026. (*Id.*);

    - ordered "[e]ach witness employed by United to produce a copy of any of their files that mention Finger (either belonging to them personally or belonging to United that are personally kept or maintained by them regardless of the format). The Court also ordered any "[n]on-United employees, to the extent Defendant's counsel has

4

        control over them, [to] produce any personal files they have concerning Finger." (*Id.*);

- o permitted Finger to conduct these depositions by Zoom, or another video format. (*Id.*); and

- o for the third time, extended the summary judgment briefing deadlines—this time, through February 1, 2026. The Court noted that "both sides are advised that this Court is highly unlikely to look favorably on any more delays." (*Id.*).

- During the time period in which Finger was permitted to conduct the depositions of the listed witnesses, Finger instead proceeded to file twelve motions and notices with the Court from December 29, 2025, through January 12, 2026. (Doc. Nos. 200–211). The Court addressed the multitude of requests. Once again, the Court extended Finger's deadline to file an amended complaint. The Court also addressed Finger's continued complaints about the alleged lack of production and ordered United to "produce any remaining responsive documents" or "[i]f not such responsive documents exist . . . file a statement to that effect with the Court." (Doc. No. 212). In additional, the Court ordered United to provide any and all available dates for the witnesses to attend a deposition to attempt to streamline the scheduling process. (*Id.*).

- On January 14, 2026, United filed a statement with the Court that it had complied with the Court's order to produce any remaining responsive documents and available dates for the witnesses. (Doc. No. 214).

- During the last week before the summary judgment deadline on February 1, 2026, United then filed two separate Motions for Protective Order (Doc. Nos. 213, 217) and represented to this Court that Finger had unilaterally informed United that she elected to cancel the scheduled depositions due to alleged discovery deficiencies (*i.e.*, that documents from her personnel file had not been produced). United requested this Court to quash any further deposition notices due to the last-minute cancellations. This Court denied that request, and it ordered United to produce Crustal Heckman, Tammy Holt, and Sabrina Clark for depositions before the summary judgment deadline.[1] (Doc. No. 219). With this accommodation to Finger, however, the Court noted that "[t]he time for needless delays— especially needless delays affecting these witnesses—has long passed." (*Id.*). The Court encouraged Finger to complete her depositions before the summary judgment deadline.

---

[1] The Court granted United's Motion for Protective Order as it pertained to one witness, Dominic Cordova. United presented evidence that Finger cancelled the deposition of Mr. Cordova because her court reporter was unavailable and then attempted to unilaterally notice a new date on which the witness was unavailable due to his daughter's confirmation ceremony. The Court found that the last-minute cancellation and unwillingness to meaningfully cooperate with opposing counsel was unreasonable. Nevertheless, the Court permitted Finger to reschedule the depositions of the remaining witnesses.

- On January 31, 2026, after the Court's order encouraging Finger to proceed with the depositions, United filed a statement with this Court that Finger again unilaterally cancelled the six depositions that were scheduled to proceed before the summary judgment deadline. (Doc. No. 224). After months of leeway to conduct these depositions, Finger only deposed one witness: Aleta Stansberry. (*Id.*).

- United timely filed a Renewed Motion to Dismiss (Doc. No. 225) and a Renewed Motion for Summary Judgment (Doc. No. 226) by the deadline for dispositive motions.

Two weeks after the summary judgment deadline had passed and discovery had closed, Finger filed an Emergency Motion to Enforce Discovery Orders (Doc. No. 227) and requests this Court to reopen discovery. Finger largely bases this request on the deposition testimony of Aleta Stansberry. As discussed above, the Court finds that this testimony does not indicate that United suppressed or withheld responsive documents throughout the discovery process. In fact, as closely outlined in the timeline above, United has repeatedly represented to this Court and to Finger that it has complied with all discovery-related orders and has produced all documents to Finger. Though the Court recognizes the challenges of Finger's *pro se* status, the Court can no longer entertain the constant requests for extensions, accommodations, and endless redundant discovery requests at the expense of judicial economy and at the expense of United's resources. The Court has provided plenty of warnings and admonitions that it would not look favorably on any further requests for extensions. Especially considering that Finger voluntarily cancelled these depositions after the Court encouraged her to carry on with the scheduled depositions (and permitted her to reschedule those depositions that she had already cancelled), the Court finds no reason to undergo another round of discovery. **Discovery in this case is now closed** with one exception. The Court orders United to produce Finger's personnel file once again to Finger by **March 9, 2026**. The Court denies Finger's requests to reopen discovery.

**C. Request for Extension to Respond to the Pending Dispositive Motions**

Though the Court will not reopen discovery, the Court will grant Finger's request for an extension to respond to the dispositive motions in this case. On January 31, 2026, United filed a Renewed Motion to Dismiss (Doc. No. 225) and a Renewed Motion for Summary Judgment (Doc. No. 226). Finger's deadline to respond to those Motions was February 21, 2026. The Court will once again accommodate Finger and allow her to respond to these Motions, if she so chooses, by **March 13, 2026.** If Finger files a timely response, United may file a reply brief by **March 20, 2026.** The Court cautions the parties this is the final briefing schedule.

For the foregoing reasons, Finger's Notice to Correct the Record, Request for Limited Reconsideration Regarding Dominic Cordova, and Request to Defer Deposition of Robert (Bob) Krabbe (Doc. No. 221) and Emergency Motion to Enforce Discovery Orders, For Rule 56(d) Relief, and to Correct the Record Regarding Defendant's Compliance and Protective Orders (Doc. No. 227) are denied. Finger's Emergency Motion for Extension of Time to Respond to Defendant's Motion to Dismiss and Motion for Summary Judgment (Doc. No. 229) is granted-in-part. United's Motion to Dismiss (Doc. No. 225) and Motion for Summary Judgment (Doc. No. 226) remain pending before this Court.

It is so ordered.

Signed on this the 26th day of February 2026.

Andrew S. Hanen
United States District Judge