**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**
**CAUSE NO. 4:20-cv-04205**

| | | |
|---|---|---|
| **CHRISTINE FINGER,** | § | |
| | § | |
| **Plaintiff,** | § | **CAUSE NO. 4:20-cv-04205** |
| | § | |
| **Vs.** | § | |
| | § | United States Courts Southern District of Texas FILED |
| | § | |
| **UNITED AIRLINES, INC.,** | § | MAR 13 2026 |
| | § | |
| | § | |
| **Defendant.** | § | Nathan Ochsner, Clerk of Court |
| | § | |

United States Courts
Southern District of Texas
FILED
MAR 13 2026
Nathan Ochsner, Clerk of Court

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S ~~RENEWED~~ RESTATED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (DOC. 225)**

**TO THE HONORABLE ANDREW S. HANEN, UNITED STATES DISTRICT JUDGE:**

Plaintiff Christine Finger files this Response in Opposition to Defendant United Airlines, Inc.'s Renewed Motion to Dismiss for Lack of Subject Matter Jurisdiction. Plaintiff respectfully shows the Court that Defendant's motion is an improper attempt to relitigate issues this Court has already decided and relies on non-binding authority to override controlling Fifth Circuit precedent.

## I. INTRODUCTION

Defendant's renewed motion asks this Court to revisit an issue it has already decided. In its August 26, 2021 order, this Court denied Defendant's initial motion to dismiss for lack of subject matter jurisdiction, holding that Plaintiff's discrimination and retaliation claims arise from independent federal statutory rights and therefore are not precluded by the Railway Labor Act ("RLA"). Defendant now attempts to relitigate that jurisdictional ruling by pointing to a later

arbitration award issued by the System Board of Adjustment, arguing that Plaintiff cannot prove pretext without contradicting factual findings discussed in that arbitration decision.

The central issues in this case arise from United's conduct in classifying Plaintiff's reinjury report as a "sick call" despite her active return-to-work status and documented disability-related restrictions; selectively applying its return-to-work procedures; rapidly escalating her administrative separation within approximately one hour of internal consultation; and issuing termination documentation without a contractual investigation. Plaintiff further alleges disparate treatment, retaliatory timing, and credibility conflicts in declarations submitted by United's decision-makers.

These allegations concern discriminatory motive, selective enforcement, and retaliation under federal anti-discrimination statutes; they do not require interpretation of the collective bargaining agreement ("CBA"), nor do they challenge the meaning of any contractual provision. Instead, they challenge how United exercised discretion in applying its procedures. Under binding Supreme Court and Fifth Circuit precedent, statutory discrimination claims remain fully actionable in federal court where their resolution does not require construing the CBA. Accordingly, Defendant's motion should be denied.

## II. PROCEDURAL BACKGROUND

Plaintiff began her career as a flight attendant with Continental Airlines in July 1984. In August 2014, she sustained severe injuries during a flight due to clear air turbulence. Following a period of medical leave, Plaintiff was cleared to return to work on May 26, 2019, and began required training in June 2019. On the last day of training, June 16, 2019, Plaintiff suffered an occupational reinjury.

Despite Plaintiff's reporting of this injury to her instructors and attempts to contact supervisors, United reclassified her absence as a "sick call" rather than an on-the-job injury ("OJI"). On June 28, 2019, United issued a termination letter effective June 27, 2019, stating that Plaintiff had exceeded her three-year maximum contractual medical leave.

Plaintiff filed this action asserting claims under the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), the Family Medical Leave Act ("FMLA"), and the Texas Commission on Human Rights Act ("TCHRA"). Defendant previously moved to dismiss for lack of subject matter jurisdiction, arguing that these were "minor disputes" under the RLA. On August 26, 2021, this Court denied that motion, concluding that the claims involved rights independent of the CBA and did not require its interpretation.

Since that order, the Association of Flight Attendants ("AFA") pursued a contractual grievance to the System Board of Adjustment. On March 17, 2022, Neutral Chairman Steven Bierig issued an award denying the grievance, finding that United did not violate the contract. On January 31, 2026, Defendant filed the present Renewed Motion to Dismiss, claiming that the arbitration award now deprives this Court of jurisdiction.

## III. STANDARD OF REVIEW

A motion under Rule 12(b)(1) challenges the Court's statutory or constitutional power to adjudicate the case. When subject matter jurisdiction is challenged, the party invoking jurisdiction bears the burden of proof. However, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish jurisdiction. Federal courts possess jurisdiction over claims arising under federal law pursuant to 28 U.S.C. §1331.

## IV. ARGUMENT AND AUTHORITIES

### A. The Court's Prior Jurisdictional Ruling Is the Law of the Case

This Court has already ruled that Plaintiff's claims fall within federal jurisdiction because they "do not require interpretation of the CBA". Defendant's renewed motion identifies no intervening change in controlling law or jurisdictional facts that would justify reversing that decision. The nature of Plaintiff's claims remains grounded in federal anti-discrimination statutes. As this Court previously noted, the Supreme Court has squarely rejected the proposition that a union member cannot sue to enforce statutory rights while simultaneously challenging an employer's CBA interpretation in arbitration.

### B. Plaintiff's Claims Arise From Independent Federal Statutory Rights

The RLA divides labor disputes into "major" and "minor" categories. "Minor disputes" are those arising from the interpretation or application of an existing CBA. While minor disputes are subject to the exclusive jurisdiction of adjustment boards, the Supreme Court held in *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246 (1994), that the RLA does not preempt causes of action to enforce rights that are independent of the CBA.

The Fifth Circuit further clarified this standard in *Carmona v. Southwest Airlines Co.*, 536 F.3d 344 (5th Cir. 2008). In *Carmona*, the court held that a flight attendant's ADA and Title VII claims were not precluded because, although the court would have to *refer* to the CBA to consider acts of disparate treatment, there was no disagreement about how to *interpret* the CBA provisions.

Just as in *Carmona*, Finger's claims concern discriminatory motive, retaliatory intent, and selective enforcement — ordinary issues in employment litigation that focus on *why* the employer acted, not *what* the contract means. Plaintiff alleges that United misclassified her

injury and manipulated internal records to manufacture a justification for termination, which are factual inquiries into management's conduct and motives.

### C. The Arbitration Award Does Not Eliminate Federal Jurisdiction

Defendant's central argument is that the System Board's arbitration award now precludes this Court from hearing the case because any finding of pretext would allegedly contradict the Board's findings. This argument misapprehends the relationship between arbitration and federal statutory rights.

The Supreme Court has consistently recognized that the arbitration of a contractual grievance does not eliminate an employee's right to pursue independent federal civil rights claims in court. In *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974), the Court held that "arbitration cannot waive or foreclose federal discrimination claims". This was reinforced in *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728 (1981), where the Court stated that RLA grievance procedures cannot limit or extinguish federal statutory rights. Finally, *McDonald v. City of West Branch*, 466 U.S. 284 (1984), established that arbitration findings are not binding in subsequent civil rights litigation.

Plaintiff does not ask this Court to review, vacate, or reinterpret the System Board's decision regarding whether United technically followed the JCBA. Instead, she challenges the discriminatory and retaliatory *manner* in which those procedures were applied. Arbitration addresses the *contractual* propriety of an action, while federal court addresses the *legal* propriety under civil rights statutes. The System Board lacked the authority to adjudicate Plaintiff's ADA and ADEA claims; therefore, its findings cannot divest this Court of its jurisdiction to do so.

### D. Defendant's Argument Improperly Conflates Factual Evidence With Contract Interpretation

United argues that Plaintiff must contradict factual findings of the arbitration to establish pretext. However, factual overlap between an arbitration and a discrimination claim does not transform a statutory claim into a contract dispute. The Fifth Circuit has been clear that even if a court must reference the CBA to evaluate acts of disparate treatment, jurisdiction remains if the "interpretation" of the agreement is not the core of the dispute.

Plaintiff's evidence of pretext involves:

1. **Direct Statements of Intent:** Supervisor Aleta Stansberry's statement, "three more days and I would have had you," which reflects a predetermined intent to terminate Plaintiff regardless of her return-to-work status.
2. **Timing and Escalation:** Internal emails showing that management decided to "admin terminate" Plaintiff within 48 minutes of her reporting an OJI, despite HR guidance from Tammy Holt that those in the RTW process should not be automatically terminated.
3. **Selective Enforcement:** Evidence of similarly situated younger or non-disabled flight attendants who were allowed to remain past the three-year leave threshold.
4. **Record Manipulation:** Post-termination modifications to Plaintiff's employment records, including the retroactive insertion of Enrique Velez as her supervisor.

None of these issues require the Court to "interpret" what Section 15(E) of the JCBA means. The meaning of the three-year leave provision is not in dispute; what *is* in dispute is why United rushed to apply it to Plaintiff within an hour of a new injury while treating others differently.

**E. Defendant's Reliance on *Said v. Amtrak* Is Misplaced**

Defendant relies heavily on *Said v. National Railroad Passenger Corp.*, 390 F.Supp.3d 46 (D. D.C. 2019), a district court case from the D.C. Circuit. This decision is not binding on this Court.

More importantly, it cannot override the controlling Fifth Circuit precedent established in *Carmona*.

United attempts to use *Said* to argue that the RLA precludes the Court from considering evidence that takes issue with the employer's determination that a contract was violated. However, the Fifth Circuit's approach in *Carmona* is broader, holding that statutory claims are not precluded as long as the resolution focuses on the *application* of the CBA in a discriminatory manner rather than its *meaning*. This Court already determined that Plaintiff's claims fit the *Carmona* framework.

### F. Judicial Estoppel Bars Defendant's Inconsistent Position

Defendant's renewed motion is further undermined by its own inconsistent litigation positions. Earlier in this case, Defendant argued that the arbitration process was a separate track that resolved the contractual dispute but did not eliminate Plaintiff's statutory claims. Now, they argue that the arbitration award essentially "absorbs" the statutory claims and eliminates the Court's jurisdiction.

Judicial estoppel prevents a party from asserting such inconsistent positions when doing so would create an unfair advantage. United should not be permitted to argue that arbitration is a limited contractual remedy when they are losing a motion to dismiss, and then argue it is a total jurisdictional bar once the award is issued.

## V. GENUINE DISPUTES OF MATERIAL FACT PRECLUDE DISMISSAL

Defendant characterizes Plaintiff's administrative separation as the automatic, mechanical consequence of a calendar date. The record reflects otherwise.

1. **Discretionary Nature of Termination:** Human Resources guidance from Tammy Holt confirmed that flight attendants who had begun the return-to-work process prior to their

admin term date "can exceed the 3 year LOA date". This proves termination was not automatic but depended on management's discretionary characterization of her status.

2. **Rapid Escalation Following OJI:** Management acknowledged Plaintiff's occupational injury (WKCP) at 3:45 PM on June 27, 2019. By 4:30 PM, Bob Krabbe directed that "she is separated," and by 4:40 PM, he stated "no investigation is needed". The termination letter was issued less than an hour later. A reasonable jury could find this rapid timeline reflects retaliatory intent.

3. **The "Three More Days" Statement:** Plaintiff has testified that Aleta Stansberry stated, "three more days and I would have had you" during her return-to-work interview. Stansberry denied this in her January 2026 deposition. This direct conflict in sworn testimony regarding a statement of intent is a classic credibility determination that must be resolved by a jury, not by a jurisdictional dismissal.

4. **Inconsistent Title/Authority:** Aleta Stansberry was identified in every internal document as "IAH Supervisor Base Administration," a clerical/administrative role. Suddenly, on Plaintiff's termination letter, she assumed the title "Supervisor Inflight Services," which carried a hyperlink to that specific title. This raises a material question regarding whether her title was retroactively modified to justify her authority to execute the termination.

These issues concern motive, discretion, and factual inconsistencies. They can be resolved without construing the JCBA, and therefore the RLA does not deprive the Court of subject matter jurisdiction.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Renewed Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 225). Plaintiff's claims involve independent federal statutory rights that do not require reinterpretation of the collective bargaining agreement. This Court's prior ruling remains correct: Finger's allegations of discrimination and retaliation are statutory in nature and fall squarely within the jurisdiction of this Court.

Plaintiff further requests such other and further relief to which she may be justly entitled.

Dated: March 13 2026

Respectfully submitted,

By: ____________________

**Christine Finger,**
**Plaintiff Pro Se**
47 North High Oaks Circle
The Woodlands, Texas 77380
Phone: (832) 656-6999
Email: 1Ladyfinger@gmail.com

CERTIFICATE OF SERVICE

I certify that on March 13, 2024 a true and correct copy of the foregoing was served via CM/ECF and by email on counsel listed below.

Amit K. Misra
The Misra Legal Group, P.C.
639 Heights Boulevard
Houston, Texas 77007
T: 832-723-4776 | F: 832-476-9656
Email: amit@misralegal.com

/s/ Christine Finger
Christine Finger, Pro Se
47 North High Oaks Circle
The Woodlands, Texas 77380
1LadyFinger@gmail.com | 832-656-6999