**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

United States Courts
Southern District of Texas
FILED
MAR 16 2026
Nathan Ochsner, Clerk of Court

**CHRISTINE FINGER,**
**Plaintiff,**

**v.**

**UNITED AIRLINES, INC.,**
**Defendant.**

**Case No. 4:20-cv-04205**

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND RULE 56(d) MOTION TO DEFER RULING**

HONORABLE JUDGE ANDREW HANEN

## I. INTRODUCTION

Comes now, Plaintiff Christine Finger, appearing *pro se*, and respectfully submits this Objection and Rule 56(d) Motion. **Plaintiff is deeply appreciative of the Court's continued patience and the grace extended during these proceedings, particularly as Plaintiff has navigated the complexities of this litigation following the withdrawal of prior counsel and recent technical hardships.** The record currently before the Court is not "undisputed"; rather, it is characterized by coordinated witness testimony, shifting job titles, and metadata inconsistencies. The Supreme Court has mandated that at the summary judgment stage, **"the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."** Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Because the evidentiary foundation of Defendant's motion is unstable and contested, granting

summary judgment would be a miscarriage of justice and a violation of the Federal Rules of Civil Procedure.

## I. MATERIAL CONTRADICTIONS PRECLUDING SUMMARY JUDGMENT

1. **Credibility Conflict Regarding Retaliatory Animus:** For six years, the record has reflected Aleta Stansberry's retaliatory statement: **"Three more days and I would have had you."** This statement was documented in Plaintiff's Original Complaint (Doc. 1 at 5-8) and cited by this Court in its prior **Order (Doc. 13 at 6 )** as evidence of potential animus. In her January 30, 2026 deposition, Ms. Stansberry denied making the statement. This direct conflict in sworn testimony is a credibility dispute that must be resolved by a factfinder.
2. **Documentary Inconsistency Regarding Title and Authority:** In the current **Restated Motion to Dismiss, (Doc 226 at 13, #14).** Defendant identifies Ms. Stansberry as **"IAH Supervisor Base Administration."** However, in her Summary Judgment Declaration, she swears she has been the **"Supervisor of Inflight Services"** since 2011. Furthermore, this Court previously recognized her title as **"IAH Base Administrative Secretary"** (Dkt. 29). This discrepancy regarding her supervisory authority over Flight Attendants is a material fact in dispute.
3. **The 48-Minute Termination Timeline:** Contemporaneous emails show that Plaintiff reported a workplace injury at 3:44 PM on June 27, 2019. By 4:40 PM—just 56 minutes later—Director Bob Krabbe bypassed the standard 48-hour HR investigation and ordered her "administratively separated." Internal emails show management requesting a template and asking for edits to the letter *after* the decision was reached.

4. **Coordinated Declarations:** The declarations of Robert Krabbe and Aleta Stansberry contain **five identical lines**, including the same factual error regarding Plaintiff's training timeline. This coordination suggests a manufactured narrative rather than independent recollection.

## II. RULE 56(d) MOTION AND REQUEST FOR IN CAMERA REVIEW

Plaintiff moves under Rule 56(d) to defer ruling. Plaintiff is proceeding *pro se* following attorney abandonment and has suffered a catastrophic computer failure resulting in the loss of indexed files, as this court has been made aware and been extremely gracious. Furthermore, Plaintiff respectfully requests that the Court review the redacted portions of the June 27, 2019 email thread (Bates 5627–5636) *in camera* to determine if they contain instructions regarding the modification of Ms. Stansberry's job title.

## III.PRESERVATION OF RECORD FOR APPELLATE REVIEW

**Plaintiff, proceeding *pro se* following the withdrawal of prior counsel, has spent the last year diligently attempting to navigate a discovery record exceeding 5,600 pages. Plaintiff has identified critical discrepancies in the Defendant's narrative—specifically regarding the 48-minute termination timeline and the conflicting job titles of Aleta Stansberry.**

**However, due to the recent catastrophic computer failure and the loss of indexed work product, Plaintiff moves to preserve all rights to further litigate these material facts. As a *pro se* litigant, Plaintiff's pleadings must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).**

To ensure a complete record for any subsequent appellate review, Plaintiff specifically requests that the Court address the following under the "Preservation of Error" doctrine:

1. The Authenticity of the Record: Plaintiff objects to the Court's reliance on any document (specifically Bates #5626 and #5747) where metadata suggests post-termination modification.
2. The Credibility Conflict: Plaintiff preserves the right to appeal any ruling that weighs Ms. Stansberry's recent deposition denial against Plaintiff's consistent, long-standing sworn testimony regarding retaliatory animus.
3. Procedural Fairness: Plaintiff asserts that forcing a ruling on Summary Judgment while essential files remain unrecovered due to technical failure constitutes a violation of due process and a "manifest injustice." United States v. Olano, 507 U.S. 725 (1993).

## III. CONCLUSION AND PRAYER FOR RELIEF

Plaintiff respectfully thanks the Court for its time and consideration of the unique hardships faced by a *pro se* litigant in a matter of this complexity. Because the record contains (1) a rapid-fire termination timeline, (2) coordinated declarations with shared errors, and (3) shifting job titles for a key decision-maker, Defendant has failed to demonstrate the absence of a genuine dispute of material fact.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. DENY Defendant's Motion for Summary Judgment;

2. **DEFER** ruling on the motion pursuant to Rule 56(d);
3. **GRANT AN EVIDENTIARY HEARING to resolve material disputes regarding document authenticity and witness credibility;**
4. **CONDUCT AN IN CAMERA REVIEW of the redacted email communications (Bates 5627–5636);**
5. **ISSUE WRITTEN FINDINGS OF FACT AND CONCLUSIONS OF LAW regarding the Court's ruling to ensure a clear and complete record for any subsequent appellate review.**

Respectfully submitted,

March 16 2026

*/s/ Christine Finger*

47 N. High Oaks Circle

The Woodlands, Texas 77380

1Ladyfinger@gmail.com

832-656-6999

CERTIFICATE OF SERVICE

I certify that on March 16, 2026 a true and correct copy of the foregoing was served via CM/ECF and by email on counsel listed below.

Amit K. Misra
The Misra Legal Group, P.C.
639 Heights Boulevard
Houston, Texas 77007
T: 832-723-4776 | F: 832-476-9656
Email: amit@misralegal.com

/s/ Christine Finger
Christine Finger, Pro Se
47 North High Oaks Circle
The Woodlands, Texas 77380
1LadyFinger@gmail.com | 832-656-6999