**CIVIL ACTION NO. 4:20-cv-04205**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

**CHRISTINE FINGER,**
Plaintiff, Pro Se

v.

**UNITED AIRLINES, INC.,**
Defendant.

**PLAINTIFF'S PARTIALLY OPPOSED SUPPLEMENTAL MOTION FOR BRIEF EXTENSION OF TIME AND FOR LEAVE TO FILE SUPPLEMENTAL SUMMARY-JUDGMENT EXHIBITS AND REQUEST FOR EXPEDITED CONSIDERATION**

TO THE HONORABLE JUDGE ANDREW S. HANEN:

COMES NOW, Plaintiff Christine Finger, proceeding pro se, and respectfully submits this **Partially Opposed Supplemental Motion for Brief Extension of Time and for Leave to File Supplemental Summary-Judgment Exhibits** supporting her Response **[Dkt. 233]** to Defendant United Airlines, Inc.'s Restated Motion for Summary Judgment **[Dkt. 226],** and respectfully requests an extension through **September 14, 2026**.

By Order entered **June 22, 2026 [Dkt. 253]**, the Court extended Plaintiff's deadline to **file exhibits to her Response** through **August 31, 2026**.

Before expiration of that deadline, Plaintiff timely filed her **Unopposed Motion for Three-Day Extension of Time and for Leave to Supplement Summary-Judgment Exhibits [Dkt. 254]**, requesting an extension through **September 3, 2026. Dkt. 254** remains pending.

After filing **Dkt. 254**, Plaintiff remained in communication with Defendant's counsel, Amit K. Misra, over the weekend regarding her condition and the status of the exhibit filing. Plaintiff explained that she was not feeling well and was concerned about managing the physical stress associated with completing the filing in light of the medical circumstances already documented before this Court. Rather than immediately return to her cardiologist or seek another medically required interruption of these proceedings, Plaintiff explained that she was attempting to manage the work incrementally and in manageable periods while continuing toward completion. In that context, Defendant advised Plaintiff that it would **not oppose an extension through September 7, 2026**.

Plaintiff's concern proved well-founded. On **September 1, 2026**, Plaintiff required medical evaluation at HCA, where she was diagnosed with a new viral infection and prescribed a new course of medication. This was a new medical development, separate from—but occurring against the background of—the COVID-19 illness and subsequent cardiac complications already documented before this Court.

Plaintiff therefore requested the limited additional week through **September 14, 2026**. *Defendant declined to agree to that additional week and requested that Plaintiff file the present Motion reflecting United's opposition.*

Accordingly, this Motion is **partially opposed**: ***Defendant does not oppose an extension through September 7, 2026, but opposes the additional requested week through September 14, 2026.***

Because **Dkt. 254** remains pending and the dates at issue are immediate, Plaintiff respectfully requests **expedited consideration**. Plaintiff does not characterize this request as an emergency.

## I. GOOD CAUSE EXISTS FOR THE LIMITED ADDITIONAL EXTENSION

1. Plaintiff timely sought relief before expiration of the Court's **August 31 exhibit deadline by filing Dkt. 254**. The present Motion supplements, and does not withdraw, that timely request.
2. Plaintiff's recent medical history relevant to the prior exhibit extensions is already extensively documented before this Court. The record reflects Plaintiff's significant COVID-19 illness and continuing complications during approximately March through August 2026, documenting COVID-related cardiac complications requiring continuing medical heart monitoring, evaluation, follow-up care, and treatment recommendations, including a recommended cardiac ablation. See, e.g., Dkts. 246–253.
3. The Court previously granted extensions based upon those documented medical circumstances. **Dkt. 247** expressly reflects that Plaintiff's requested extension arose from ongoing complications from her COVID-19 diagnosis.
4. Plaintiff does not seek to repeat that medical history or burden the Court with duplicative medical documentation. The present Motion arises because of the **new September 1st medical development**, which occurred after Plaintiff had already timely filed **Dkt. 254** and while she was attempting to complete the remaining exhibit work.

5. Plaintiff attaches only the documentation relating to the September 1 HCA evaluation, new viral diagnosis, and newly prescribed medication as **Exhibit A**.
6. Plaintiff is specifically attempting to avoid another circumstance in which her medical providers determine that she must cease litigation activity for a medically necessary period. Instead, Plaintiff has attempted to continue working incrementally and in manageable periods toward completion.
7. Plaintiff is mindful of the Court's prior admonition concerning further extensions and does not make this request lightly. **See Dkt. 231 at 6**. This Motion does not seek to reopen discovery, revisit prior discovery rulings, or initiate another round of substantive litigation. It concerns only the limited period necessary to complete and file the evidentiary exhibits supporting the Response already before the Court.
8. Plaintiff also faces an additional practical circumstance outside her control. Arising from the current severe-weather conditions associated with Tropical Storm Edouard. During the past week, Plaintiff has experienced at least 6 power outages at her residence, disrupting her ability to work continuously on the electronic reconstruction and filing of these exhibits. With current storm conditions creating concern for further power interruptions, Plaintiff respectfully submits that this additional circumstance further supports the reasonableness of the limited extension requested. As Plaintiff prepares this Motion, The Woodlands area is experiencing continuing severe -weather conditions, and Plaintiff is presently experiencing a tornado warning for her area, creating an immediate concern for additional power and internet interruptions. Plaintiff does not rely upon the weather or power interruptions as the primary basis for this Motion, however, these existing and ongoing conditions present an additional circumstance beyond Plaintiff's control

that further supports good cause for the limited extension requested. Plaintiff identifies these conditions as an additional practical risk to timely electronic filing despite her diligent efforts to complete and submit the remaining exhibits.

9. Since counsel withdrew on **February 19, 2025**, Plaintiff has proceeded without counsel for more than eighteen months and has personally undertaken responsibility for preserving and prosecuting this litigation, reviewing the extensive record, addressing motion practice, and reconstructing and organizing the evidentiary materials supporting her claims.
10. Plaintiff recognizes that the repeated medical complications affecting these proceedings are unfortunate and understandably frustrating for the Court and the parties. Plaintiff does not minimize that concern.
11. At the same time, denial of this very limited request at this stage would impose **extraordinary and potentially dispositive prejudice upon Plaintiff's ability to present the evidentiary support for claims she has prosecuted for nearly six years**.
12. Plaintiff has expended substantial personal and financial resources, time, and physical effort preserving and prosecuting these statutory claims. She has continued doing so through significant documented medical circumstances and, for more than eighteen months, without counsel.
13. To prevent Plaintiff from completing the supporting exhibit record because of an unexpected new illness arising at the very end of that process would risk a result substantially disproportionate to the brief additional period requested.
14. Plaintiff is not seeking an open-ended continuance. She seeks **one additional week beyond September 7**, the date through which Defendant

has already represented that it does not oppose an extension. Plaintiff will file sooner if reasonably able.

15. Plaintiff also has no objection to a corresponding extension of Defendant's reply deadline, thereby eliminating any material prejudice to Defendant from the additional period requested.

## II. RULE 6 AND CONTROLLING AUTHORITY SUPPORT THE LIMITED RELIEF REQUESTED

**16.** Federal Rule of Civil Procedure 6(b)(1)(A) provides that, when a request is made before expiration of the applicable period, the Court may extend the time for good cause. Fed. R. Civ. P. 6(b)(1)(A). Plaintiff complied with that requirement by timely filing Dkt. 254 before expiration of the August 31 deadline.

**17.** The Fifth Circuit recognizes the important distinction between a timely request made before expiration of a deadline and a request made only after the deadline has expired. See **Nelson**, 17 F.4th 521, 524–25 (5th Cir. 2021). A timely request under Rule 6(b)(1)(A) is governed solely by the pre-deadline good-cause standard, whereas a motion first made after expiration requires the additional showing of excusable neglect under Rule 6(b)(1)(B). Id.

**18.** Particularly instructive here, a court within the Southern District of Texas applied Rule 6(b)(1)(A) to an opposed request for additional time to respond to a motion for partial summary judgment and granted the requested extension. **Devillier** v. State of Texas, No. 3:20-cv-00223, Dkt. 127 at 2–3 (S.D. Tex. Mar. 31, 2023).

**19** In Devillier, the court recognized that the Rule 6(b)(1)(A) good-cause standard applicable to a timely extension request is substantially more lenient than the standard governing modification of a scheduling order. Id. The court granted additional time notwithstanding the opposing party's objection. Id.

**20** Plaintiff respectfully submits that the circumstances here provide compelling good cause for similarly limited relief. Plaintiff timely protected the August 31, 2026 deadline before it expired; Defendant did not oppose that request; Defendant thereafter agreed not to oppose additional time through September 7; and a new, documented illness then arose on September 1 while Plaintiff's timely request remained pending.

**21** Plaintiff does not concede that Rule 6(b)(1)(B) governs the present circumstances because her original extension request was timely filed before expiration of the August 31 deadline and remains pending. Nevertheless, to eliminate any procedural uncertainty concerning the

additional period now requested through September 14, Plaintiff also addresses excusable neglect.

**22** Rule 6(b)(1)(B) permits the Court to extend a period after expiration when the failure to act resulted from excusable neglect.

**23** The Supreme Court has held that excusable neglect is an equitable inquiry requiring consideration of all relevant circumstances, including: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact upon the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. **Pioneer** Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

**24.** The Fifth Circuit applies the Pioneer factors in evaluating excusable neglect under Rule 6(b). See **Adams** v. Travelers Indemnity Co. of Connecticut, 465 F.3d 156, 161 n.8 (5th Cir. 2006); see also Nelson, 17 F.4th at 524–25.

**25.** The danger of prejudice to Defendant is minimal. Defendant has already affirmatively represented that it does not oppose an extension through September 7, 2026. Plaintiff seeks only one additional week and affirmatively does not oppose a corresponding extension of Defendant's reply deadline.

**26.** The length of the requested delay is brief and its effect upon the proceedings is minimal. Plaintiff seeks only through September 14 and will file sooner if reasonably able. She does not seek an open-ended continuance, reopening of discovery, or any new substantive proceeding.

**27** The reason for the additional request is substantial and was not reasonably anticipated. Plaintiff had already timely sought additional time before expiration of the August 31, 2026 deadline and was continuing to work incrementally when the September 1 illness required medical evaluation and additional prescription treatment.

**28.**Plaintiff has acted in good faith. She timely filed Dkt. 254 before expiration of the August 31, 2026 deadline, remained in communication with Defendant's counsel, and continued attempting to work rather than immediately seek another medically required interruption or stay. Plaintiff did not request the additional period through September 14 until after the September 1 medical evaluation confirmed a new viral illness. She thereafter promptly conferred with Defendant's counsel regarding the additional week and prepared this Supplemental Motion.

**29.**Plaintiff therefore respectfully submits that the circumstances establish good cause under Rule 6(b)(1)(A) and, to the extent the Court determines Rule 6(b)(1)(B) applies to the additional period requested, also establish excusable neglect under **Pioneer**, **Adams**, and **Nelson**.

## III. THE REMAINING TASK IS THE RECONSTRUCTION AND ORGANIZATION OF AN EXTENSIVE EVIDENTIARY RECORD

30.The procedural posture is important. Plaintiff is **not beginning a new summary-judgment response**. Her Response [Dkt. 233] is already before the Court. The Court's June 22, 2026 Order expressly describes the remaining obligation as Plaintiff's deadline to **"file exhibits to her Response"** to Defendant's Motion for Summary Judgment. [Dkt. 253].

> 32.ining task therefore consists principally of reconstructing, identifying, organizing, cross-referencing, and filing the evidentiary materials necessary to support the factual disputes already presented to the Court.
>
> 33.ifficulty of that process is not newly asserted. Plaintiff documented these technical and reconstruction problems in her March 2026 filings, months before the present request.
>
> 34.Specifically, Plaintiff advised the Court that she had incurred substantial expense replacing computers following repeated data-loss events and that technical system failures—including upload crashes, corrupted files, and loss of access to the electronic filing system—had interfered with her ability to complete the supporting exhibit filing. See Dkt. 234; Dkt. 234-2 at 18, 43.

35.Those documented problems required Plaintiff to reconstruct substantial portions of her evidentiary materials from prior docket filings, downloaded document productions, emails, deposition materials, hard-copy records, and other available sources.

36.Portions of Plaintiff's earlier summary-judgment submissions necessarily were assembled piecemeal while that reconstruction was ongoing.

37.The purpose of the present exhibit deadline is therefore critical: it allows Plaintiff to place before the Court the organized evidentiary support necessary to evaluate the material factual disputes identified in her Response, rather than leaving the Court with an incomplete or fragmented evidentiary presentation.

38.That reconstruction is particularly substantial because the evidentiary record Plaintiff must now support did not exist in its present form at earlier stages of this litigation.

39.Plaintiff did not possess during the **2021 arbitration** the extensive internal United documentary record subsequently developed through federal discovery. The internal communications, administrative records, occupational-injury documentation, and other internal materials now forming part of the summary-judgment record were not available to Plaintiff during that proceeding.

40.Nor did Plaintiff possess the complete federal discovery record when Defendant took her deposition on **September 7, 2023**. Less than fourteen days before that deposition, while Fisher Phillips represented Defendant, United produced approximately **4,000 pages of documents without an index or meaningful guide**. Plaintiff thereafter was required to review and

cross-reference more than **5,000 pages** of United's production. See **Dkt. 66-2 ¶¶ 5, 8, 23.**

41.The evidentiary landscape developed further after Plaintiff's deposition. Following Fisher Phillips' withdrawal and the appearance of Defendant's present counsel, Mr. Misra, ***additional materials were produced, including a more complete version of significant internal email communications concerning Plaintiff's separation, with portions redacted pursuant to assertions of attorney-client privilege. See Dkt. 66-2 at 36 n.9.***

42.*Those communications were not available to Plaintiff during the arbitration and were not available to her when Defendant took her September 2023 deposition.* **Portions of that same internal decision-making sequence are now relied upon by Defendant in its Restated Motion for Summary Judgment. See Dkt. 226 ¶¶ 12–14.**

43.Plaintiff raises this history for a narrow purpose only: **to explain why completion of the supporting exhibit record requires substantial reconstruction, organization, and cross-referencing.** Plaintiff does not ask the Court through this Motion to adjudicate any underlying discovery, privilege, or evidentiary issue.

## IV. DEFENDANT'S "MEANDERING" CHARACTERIZATION DOES NOT REFLECT THE DEVELOPMENT OF THE EVIDENTIARY RECORD

44. Defendant states in Dkt. 226 that this matter has **"meander[ed] for nearly six years"** and that **"the underlying facts have remained the same."** [Dkt. 226 at 7–8].

46. Plaintiff respectfully disputes that characterization insofar as it suggests that Plaintiff has possessed the same evidentiary record throughout that period.

48. The historical events giving rise to Plaintiff's claims occurred in 2019. **The evidentiary record available to Plaintiff did not remain static.**

49. Rather, that record developed over several years and now contains internal documents, communications, deposition testimony, employment and occupational-injury records, declarations, arbitration materials, and later-produced evidence that Plaintiff did not possess during arbitration and, in important respects, did not possess when Defendant deposed her.

50. The nearly six-year calendar period likewise does not represent six uninterrupted years of active federal litigation. The parties filed an **Agreed Motion to Stay** [Dkt. 30], and on November 24, 2021, this Court granted that motion pending the result of the union contract arbitration, expressly stayed this action, and vacated the then-existing pretrial and scheduling order. [Dkt. 31].

51.Plaintiff therefore is not asking for additional time merely to revisit unchanged facts. She is attempting to complete the task contemplated by this Court's existing Orders: filing the evidentiary materials supporting the summary-judgment record in an organized, cross-referenced, and usable form.

52.Given the thousands of pages involved, Plaintiff respectfully submits that allowing this brief extension serves not only Plaintiff's ability to fairly present her claims but also **judicial economy**, by avoiding another rushed or fragmented evidentiary submission and providing the Court with a record that can be efficiently evaluated.

53. The unexpected September 1 illness arose while this already documented reconstruction process was ongoing and after Plaintiff had timely sought relief before expiration of the August 31 deadline.

54. Under these circumstances, the limited additional period requested is substantially preferable to risking another medically required interruption that could extend considerably longer than the additional week presently requested.

**V. DEFENDANT'S POSITION**

55. Defendant did not oppose Plaintiff's timely request in Dkt. 254 for an extension through **September 3, 2026**.

56. After further conferring concerning Plaintiff's condition and her efforts to continue working incrementally, Defendant advised Plaintiff that it also **would not oppose an extension through September 7, 2026**.

57. Following Plaintiff's September 1 medical evaluation and new diagnosis, Plaintiff requested an extension through **September 14, 2026**.

58.efendant's counsel responded that Defendant would not agree to the additional requested week and requested that Plaintiff file a motion reflecting United's opposition.

59. ***Accordingly, this Motion is partially opposed: the requested extension through September 14 is opposed, while Defendant has represented that an extension through September 7 is unopposed.***

60.Plaintiff respectfully requests that the Court extend her deadline to file the remaining supplemental summary-judgment exhibits through **September 14, 2026**.

61. In the alternative, because Defendant has affirmatively advised that it does not oppose an extension through September 7, Plaintiff respectfully requests that the Court extend the deadline **at minimum through September 7, 2026**.

**PRAYER**

For the foregoing reasons, Plaintiff Christine Finger respectfully requests that the Court consider her timely filed **Unopposed Motion for Three-Day Extension of Time and for Leave to Supplement Summary-Judgment Exhibits [Dkt. 254]** together with this **Partially Opposed Supplemental Motion**, find good cause for the requested relief, and extend Plaintiff's deadline to file the remaining exhibits and evidentiary materials supporting her Response [Dkt. 233] to Defendant's Restated Motion for Summary Judgment [Dkt. 226] through **September 14, 2026**.

To the extent **Rule 6(b)(1)(B)** applies to the additional relief now requested, Plaintiff respectfully requests that the Court alternatively find excusable neglect under the circumstances described above and the equitable factors identified in *Pioneer*, *Adams*, and *Nelson*.

In the alternative, Plaintiff respectfully requests an extension **at minimum through September 7, 2026**, which Defendant has represented it does not oppose.

Plaintiff further states that she has **no objection to a corresponding extension of Defendant's reply deadline**, so that Defendant suffers no material prejudice from the requested relief.

Because **Dkt. 254 r**emains pending and the requested dates are immediate, Plaintiff respectfully requests **expedited consideration** of this Motion.

Plaintiff further requests all other relief, at law or in equity, to which she may be justly entitled.

Respectfully submitted,

**/s/ Christine Finger**
**CHRISTINE FINGER**
Plaintiff, Pro Se
47 N. High Oaks Circle

The Woodlands, Texas 77380
832-656-6999
1Ladyfinger@gmail.com

**CERTIFICATE OF CONFERENCE**

I certify that I conferred with counsel for Defendant, Amit K. Misra, regarding the relief requested herein.

Defendant did not oppose Plaintiff's timely filed **Unopposed Motion for Three-Day Extension of Time and for Leave to Supplement Summary-Judgment Exhibit** extension through **September 3, 2026. [Dkt. 254]**

Plaintiff thereafter remained in communication with Mr. Misra regarding her medical concerns and her efforts to continue completing the exhibit filing incrementally and in manageable periods. ***Defendant advised that it also would not oppose an extension through September 7, 2026.***

*Following Plaintiff's* ***September 1, 2026*** *medical evaluation and new diagnosis, Plaintiff requested an extension through* ***September 14, 2026****. Defendant advised that it would not agree to the additional requested week and requested that Plaintiff file a motion reflecting United's opposition.*

***Accordingly, this Motion is only partially opposed. Defendant does not oppose an extension through September 7, 2026.***

***Defendant opposes only Plaintiff's request for the additional week through September 14, 2026.***

Plaintiff has no objection to a corresponding extension of Defendant's reply deadline.

**/s/ Christine Finger**
Christine Finger
Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I certify that on September 2, 2026, a true and correct copy of the foregoing was served via CM/ECF and by email on counsel listed below.
Amit K. Misra
The Misra Legal Group, P.C.
639 Heights Boulevard

Houston, Texas 77007
T: 832-723-4776 | F: 832-476-9656
Email: amit@misralegal.com

/s/ Christine Finger
Christine Finger, Pro Se
47 North High Oaks Circle
The Woodlands, Texas 77380
1LadyFinger@gmail.com | 832-656-6999