Outlook

**Subject: Christine Finger — Litigation Activity and Medical-Based Extension Requests**

**From** Deborah Swan <swansinvestigations@gmail.com>
**Date** Mon 2026-08-24 9:49 PM
**To** Amit Misra <amit@misralegal.com>

6 attachments (806 KB)

PLAINTIFFS OBJECTION TO DEF REQUEST FOR EXTENSION.pdf; 20260824 SUPPLEMENTAL VISUAL OF CHRONOLOGICAL LITIGATION ACTIVITY COMPARISON (1).pdf; PLAINTIFF'S MOTION FOR LIMITED NONPARTY DISCOVERY REGARDING MEDICAL REPRESENTATIONS.pdf; PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT'S REQUEST FOR EXTENSION OF TIME.pdf; Swans vs Finger Docket.pdf; Finger vs Jones Docket.pdf;

Amit,

I am writing to bring to your attention a documented chronology involving Christine Finger's litigation activity in her other pending state matters, **Finger v. Thomas (T.R.) Jones, Cause No. 25-12-19927**, and **Swan v. Finger, Cause No. 26-01-00747**, during periods in which she also sought extensions of time in **Finger v. United Airlines, Inc., Civil Action No. 4:20-cv-04205**.

I am providing this information because the **dates and sequence of the filings are relevant to the representations Christine continues to make to the federal court concerning her medical condition and her ability to perform litigation-related work.**

I have attached the notice I filed in *Swan v. Finger*, together with the chronology and supporting material, so that you can review the underlying records directly rather than relying on my characterization of them.

## The chronology I believe warrants review

The records show the following sequence:

- **March 26, 2026 — United Airlines:** Christine represented that she was diagnosed with COVID-19 on March 26, 2026.
- **March 26, 2026 — Finger v. Jones:** On that same date, in her Jones case she served her Second Request for Production.
- **March 27, 2026 — United Airlines:** The very next day She represented to you that her physician directed her to refrain from work and litigation-related activities through April 1 and that her condition prevented her from completing her exhibits by the March 27 deadline.
- **April 2, 2026 — Finger v. Jones: Then a few days later in her Jones case she filed and her** Written discovery was served.

- **April 6, 2026 — United Airlines:** She represented that she remained under active medical treatment, continued experiencing significant symptoms, had been directed to remain on bed rest and refrain from work and litigation-related activities, and was unable to perform the sustained concentration required for her legal work.

- **April 6, 2026 — Finger v. Jones:** The same day the docket reflects she filed written discovery activity, including the certificate concerning responses to Requests for Admissions and Requests for Production.

- **July 20, 2026 — Finger v. Jones:** Christine filed a General Denial to the counterclaim.

- **July 20, 2026 — Finger v. Jones:** She also filed her continuance request stating that her COVID-related illness and subsequent medical problems prevented her from preparing responsive pleadings, participating in discovery, or appearing for trial-related proceedings.

- **July 21, 2026 — Swan v. Finger:** She filed her Original Answer and Supplemental Motion for Continuance.

- **July 31, 2026 — Finger v. Jones:** She filed corrected/agreed continuance materials and expressly stated that her prior continuance motion had inadvertently been routed into *Swan v. Finger*, Cause No. 26-01-00747.

- **August 7, 2026 — Swan v. Finger:** She filed an **89-page Motion to Dismiss, to Strike False Indigency Filings, to Revoke In Forma Pauperis Status and for Sanctions**.

- **August 10, 2026 — Swan v. Finger:** She filed a supplemental filing identifying corrections to that motion.

The point is that **Christine herself placed specific medical circumstances before the federal court as grounds for obtaining extensions of time, while the state-court dockets independently document litigation activity during these overlapping periods.**

That chronology is capable of being independently verified from the court records.

## Medical representations placed before the federal court

Christine has placed specific medical events and limitations before Judge Hanen as grounds for obtaining additional time, including representations concerning:

- her March 26, 2026 COVID diagnosis;
- physician-directed restrictions;
- bed rest;
- continuing medical treatment;
- cardiac monitoring;
- subsequent medical procedures and surgeries;
- July 29 pre-operative testing; and

- the August 5, 2026 cardiac ablation identified in her July 20 Jones continuance.

Because these medical representations have been relied upon in requesting and obtaining extensions, I believe the underlying records should be independently verified if United determines that they are material to the pending proceeding.

If United believes verification is warranted, I would suggest that counsel consider whether **narrowly tailored discovery directed only to the specific providers, treatment dates, procedures, and medical limitations that Christine herself placed at issue** would be appropriate,

## Why I believe this should be independently verified

The issue is not simply that Christine has been ill while litigating. The issue is that **medical circumstances have repeatedly been presented as grounds for obtaining additional litigation time**, while the contemporaneous state-court records show litigation activity in other proceedings.

The appropriate comparison is therefore:

**Christine's representations to the federal court**
+
**the dates and nature of her state-court litigation activity**
+
**the underlying medical records for the specific events she placed at issue.**

If the medical records fully corroborate the representations made to the Court, that will provide the objective record.

If the records materially differ from those representations, then **the Court, not me, can determine what significance those differences have**, including whether any additional relief is appropriate.

I also believe this is relevant because Christine has continued to seek substantial relief in *Swan v. Finger*, including dismissal of my claims and monetary relief in the form of sanctions, while making allegations concerning medical issues and fasle claims that I have caused her harm. I am providing the actual filings and chronology so that counsel can independently evaluate whether the pattern is relevant to the federal litigation. The amount of time and money she has impacted, and since this tactic has worked in her favors all these months in your Federal case, while claiming she is literally in surgery when the state docket proves she was litigating her case and filing into the record, while telling you she was having surgery, must be stopped and she must be held accountable.

## Request for review

Given the number of extension requests and their effect on the federal litigation schedule, I respectfully ask that United review the attached corresponding docket activity. I believe once you compare the federal docket and all her filings to the state dockets, you will agree that this information warrants further investigation, and there needs to be serious verification of the medical representations Christine has placed before the federal and state courts.

The most important point is that **the dates are reflected in the court records.** The state dockets can be compared directly with the dates and representations contained in Christine's federal filings.

I am providing the materials so that United can make its own assessment from the underlying records. Please review the current State Dockets that are attached for your reference.

Thank you,

**Deborah Swan**

# Email Attachment No. 1

Gmail

Deborah Swan <swansinvestigations@gmail.com>

# Request for Extension-REsponses to Requests for Admission

1 message

**Christine Finger** <1ladyfinger@gmail.com> Sun, Aug 23, 2026 at 9:09 PM
To: Deborah Swan <swansinvestigations@gmail.com>, Christine Finger <CHRISTINECFE@aol.com>

I am requesting a brief extension of the August 31, 2026 deadline to serve my responses to your Requests for Admission.

As you are aware from the filings in this case, I am presently under an August 31, 2026 summary-judgment deadline in my federal litigation against United Airlines. That matter requires my immediate and concentrated attention.

In addition, Henry has been diagnosed with a splenic tumor, and for the past several weeks I have had an at-home euthanasia service on call because his condition can change unexpectedly. I am trying to spend the time I have with him while also meeting these competing litigation obligations.

Under these circumstances, I am requesting the professional courtesy of a two-weekk extension, through September 14, 2026, to serve my responses to your Requests for Admission.

Given that the trial setting has recently been continued to a later date, this brief extension should not prejudice the case schedule or any imminent trial-related deadline.

This request is limited solely to my RFA responses and does not seek to alter any other deadline in this case.

Please let me know in writing by Monday August 24, 2026 whether you agree to this extension. If we are unable to reach an agreement, I will timely request an extension of the RFA response deadline from Judge Bays.

Thank you for your consideration

Christine

**IN THE 284TH JUDICIAL DISTRICT COURT**

**MONTGOMERY COUNTY, TEXAS**

**CAUSE NO. 26-01-00747**

DEBORAH KAY SWAN,

Plaintiff, Pro Se

v.

CHRISTINE FINGER,

Defendant, Pro Se

**PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT'S REQUEST FOR EXTENSION OF TIME**

TO THE HONORABLE JUDGE KRISTIN BAYS:

Plaintiff Deborah Kay Swan files this Response and Objection to Defendant Christine Finger's request for a two-week extension of the August 31, 2026 deadline for responding to Plaintiff's Requests for Admissions. Plaintiff does not consent to the requested extension and respectfully requests that Defendant seek any extension from the Court.

On July 31, 2026, Plaintiff served her First Requests for Admissions to Defendant Christine Finger. The docket identifies that filing as Plaintiff Deborah Swan's First Requests for Admissions to Defendant Christine Finger. Defendant now asks to extend the August 31, 2026 response deadline to September 14, 2026.

Defendant's request states that she is subject to an August 31, 2026 summary-judgment deadline in Finger v. United Airlines, Inc., Case No. 4:20-cv-04205. The federal docket reflects that Judge Andrew S. Hanen granted Defendant's June 12, 2026 motion for extension and ordered that responses are due August 31, 2026.

Plaintiff does not dispute that the federal deadline exists. Plaintiff objects to transferring the effect of that separate federal deadline onto Plaintiff's discovery deadline in this case without an order of this Court.

The record also shows substantial litigation activity by Defendant in both the federal action and Christine Finger v. Thomas (T.R.) R. Jones, Cause No. 25-12-19927. In the Jones matter, Defendant filed a Motion for Continuance on July 20, 2026 requesting a 60-day continuance of all deadlines and settings. She later filed an Agreed/Unopposed Motion for Continuance, and the trial was reset to December 7, 2026.

In this action, Defendant filed a Motion to Dismiss, to Strike False Indigency Filings, to Revoke In Forma Pauperis Status, and for Sanctions for Fraud Upon the Court on August 7, 2026. The docket identifies that filing as 89 pages. Defendant filed a supplemental filing on August 10, 2026, followed by additional filings, while Plaintiff filed responses and objections on August 10, August 12, and August 13.

Plaintiff submits these matters only to establish the procedural chronology and the competing deadlines Defendant has placed before the Court. Plaintiff does not ask the Court to infer from motion practice alone that Defendant acted improperly. The issue is whether Defendant has shown sufficient cause for an additional extension of a discovery response deadline that is already established by the applicable rules and docket.

Texas Rule of Civil Procedure 198.2(a) generally requires a response to requests for admissions within 30 days after service. Rule 198.2(c) provides that if a response is not timely served, the request is considered admitted without the necessity of a court order. The Texas Supreme Court has recognized that the response time may be modified by agreement or by court order for good cause. Marino v. King, 355 S.W.3d 629, 632-33 (Tex. 2011).

Texas Rule of Civil Procedure 251 provides that a continuance may be granted only for sufficient cause supported by affidavit, by consent of the parties, or by operation of law. Plaintiff respectfully requests that any enlargement of the August 31 deadline be presented to and determined by this Court under the applicable rules.

Plaintiff therefore respectfully requests that the Court deny the requested extension unless and until Defendant establishes sufficient cause by a properly filed motion and the Court determines that an extension is warranted. Plaintiff further requests that the August 31, 2026 deadline remain in effect unless the Court orders otherwise.

WHEREFORE, Plaintiff Deborah Kay Swan respectfully requests that the Court deny Defendant's requested two-week extension, or alternatively require Defendant to present the request to the Court by formal motion with supporting evidence, and grant all other relief to which Plaintiff may be entitled.

Respectfully submitted:

/s/ Deborah Kay Swan
Deborah Kay Swan, Plaintiff, Pro Se
Date: August 24, 2026

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on Defendant Christine Finger by a method authorized by Texas Rule of Civil Procedure 21a on August 24, 2026.

/s/ Deborah Kay Swan
Deborah Kay Swan, Plaintiff, Pro Se

Gmail

Deborah Swan <swansinvestigations@gmail.com>

# Extension for RFA

2 messages

**Christine Finger** <1ladyfinger@gmail.com> Mon, Aug 24, 2026 at 8:52 AM
To: Deborah Swan <swansinvestigations@gmail.com>, Christine Finger <CHRISTINECFE@aol.com>

Deborah.

Just following up on my email from last night. Please let me know as soon as possible... whether you agree to the requested extension of the deadline for my responses to your RFA.
If not I will file my request for an expedited extension with Judge Bays today.

Thank you

Christine

**Deborah Swan** <swansinvestigations@gmail.com> Mon, Aug 24, 2026 at 9:20 AM
To: Christine Finger <1ladyfinger@gmail.com>

Christine,

I received your request for an extension of the August 31, 2026 deadline for responding to Plaintiff's Requests for Admissions.

I do not consent to the requested extension. If you believe an extension is necessary, you may seek appropriate relief from the Court.

Plaintiff does not waive any rights or remedies concerning the existing deadline.

Deborah Kay Swan

[Quoted text hidden]

**Email Attachment No. 2**

**IN THE 284TH JUDICIAL DISTRICT COURT**

**MONTGOMERY COUNTY, TEXAS**

**CAUSE NO. 26-01-00747**

DEBORAH KAY SWAN,

Plaintiff, Pro Se

v.

CHRISTINE FINGER,

Defendant, Pro Se

**SUPPLEMENTAL VISUAL OF CHRONOLOGICAL LITIGATION ACTIVITY COMPARISON**

**Christine Finger Three Proceedings**

Purpose: The chronology does not ask the Court to determine, merely from the existence of filings, that Defendant's medical conditions were fabricated. Rather, it places Defendant's representations concerning the extent and effect of her medical limitations alongside the contemporaneous docket activity in her other litigation. The records demonstrate repeated requests for additional time in Finger v. United Airlines, continued discovery activity and communications in Finger v. Jones during the same general medical period, and subsequent substantive litigation activity in Swan v. Finger. The comparison is relevant to the consistency, scope, timing, and credibility of the representations made to the respective courts. The chart on the next page, is a quick-reference chronology showing the relationship between Defendant's medical representations, requests for additional time, and litigation activity in her other cases. Christine repeatedly placed specific medical restrictions and medical events before the federal court, communicated with opposing counsel concerning those restrictions, and obtained multiple extensions based upon those representations. Those same medical events were subsequently relied upon in the Jones litigation and in Swan v. Finger.

Finger's representations in Jones and United should be evaluated together rather than in isolation. In Jones, Finger represented that COVID-related complications, hospitalization, two surgical procedures, cardiac evaluation, and continuing medical treatment materially affected her ability to litigate and that she was presently unable to prepare pleadings, participate in discovery, or appear for trial-related proceedings. In United, she repeatedly obtained

extensions of her federal deadlines based upon ongoing medical complications, ultimately extending the deadline to August 31, 2026. At the same time, her own Jones declaration acknowledges continued discovery communications during March, April, and May, and the Jones docket documents litigation activity during the same broader medical period. The July 20–21 filings further document active litigation in Jones and Swan while she was seeking continuance relief based upon medical inability.

| DATE | CASE | RECORDED EVENT | WHAT THE RECORD SHOWS |
|---|---|---|---|
| MAR. 26, 2026 | United Airlines No.4:20-cv-04205 | COVID diagnosis | Christine represented to Federal Judge that she was diagnosed with COVID-19 on March 26. |
| MAR. 26, 2026 | Finger v. Jones No. 25-12-19927 | Second Request for Production served | On the same date, the MCTX docket proves Christine served her Second Request for Production in her **Jones** litigation. |
| MAR. 27, 2026 | United Airlines | Emergency extension request | The very next day In her United case, Christine represented that her physician directed her to refrain from work and litigation-related activities through April 1 and that her medical condition prevented her from completing her exhibits by the March 27 deadline. |
| APR. 2, 2026 | Finger v. Jones No. 25-12-19927 | Written discovery served | A few days later the docket proves in her Jones case Christine filed written discovery and served it in the Jones litigation. |
| APR. 6, 2026 | United Airlines | Continuing medical limitations represented | 4 days later in her United case, Christine represented that she remained under active medical treatment, continued to experience significant symptoms, had been directed to remain on bed rest and refrain from work and litigation-related activities, and was unable to |

| | | | |
|---|---|---|---|
| | | | perform the sustained concentration required for her legal work. |
| APR. 6, 2026 | Finger v. Jones No. 25-12-19927 | Written discovery activity | Then the same day, after telling the Federal Judge she was very sick, she filed into her Jones case docket, another written discovery, including the certificate concerning responses to Requests for Admissions and Requests for Production. |
| **May 11, 2026**, | United Airlines | | she sought another extension in United, which was granted. |
| **June 12, 2026** | United Airlines | | she sought another extension in United, which was ultimately extended to **August 31, 2026**. |
| JUL. 20, 2026 | Finger v. Jones No. 25-12-19927 | General Denial filed | Christine filed in Jones a General Denial to the counterclaim. |
| JUL. 20, 2026 | Finger v. Jones No. 25-12-19927 | 60-day continuance requested | Christine for the first time now has stated in Jones that her COVID-related illness and subsequent medical problems prevented her from preparing responsive pleadings, participating in discovery, or appearing for trial-related proceedings. |
| JUL. 21, 2026 | Swan v. Finger No. 26-01-00747 | Original Answer + Supplemental Motion for Continuance | The very next day, in this case, Christine filed her Original Answer and Supplemental Motion for Continuance in this case. |
| JUL. 31, 2026 | Finger v. Jones No. 25-12-19927 | Corrected/agreed continuance materials filed | 10 days later, in Jones Christine expressly stated that her prior continuance motion had inadvertently been routed into Swan v. Finger, No. 26-01-00747. |

| | | | |
|---|---|---|---|
| AUG. 7, 2026 | Swan v. Finger No. 25-12-19927 | 89-page motion filed | 7 days later Christine filed her 89 page Motion to Dismiss, to Strike False Indigency Filings, to Revoke In Forma Pauperis Status and for Sanctions. |
| AUG. 10, 2026 | Swan v. Finger No. 25-12-19927 | Supplemental filing | 3 days later Christine filed a supplemental filing identifying corrections to the August 7 motion. |

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Plaintiff's Notice of Chronological Extension and Litigation Activity Comparison and Request for Judicial Notice was served upon Defendant Christine Finger in accordance with Texas Rule of Civil Procedure 21a on August 24, 2026.

/s/ Deborah Kay Swan

Plaintiff, Pro Se

**Email Attachment No. 3**

**IN THE 284TH JUDICIAL DISTRICT COURT**

**MONTGOMERY COUNTY, TEXAS**

**CAUSE NO. 26-01-00747**

DEBORAH KAY SWAN,

Plaintiff, Pro Se

v.

CHRISTINE FINGER,

Defendant, Pro Se

**PLAINTIFF'S MOTION FOR LIMITED NONPARTY DISCOVERY REGARDING MEDICAL REPRESENTATIONS**

TO THE HONORABLE JUDGE KRISTIN BAYS:

Plaintiff Deborah Kay Swan respectfully moves for narrowly tailored discovery concerning medical representations Defendant Christine Finger has affirmatively placed before the courts in connection with requests for continuances, extensions, and allegations concerning her physical condition. Plaintiff does not seek unrestricted access to Defendant's medical history.

I. BACKGROUND

In her July 20, 2026 Motion for Continuance in Christine Finger v. Thomas (T.R.) Jones, Cause No. 25-12-19927, Defendant stated that she was diagnosed with COVID-19 on March 26, 2026, had remained under continuous medical care, experienced post-COVID complications requiring urgent care, emergency treatment, hospitalization and two surgical procedures, underwent cardiac evaluation, and was scheduled for a cardiac ablation on August 5, 2026. The motion stated that these circumstances prevented her from preparing responsive pleadings, participating in discovery, or appearing for trial-related proceedings.

In her April 21, 2026, federal motion in Finger v. United Airlines, Inc., Case No. 4:20-cv-04205, Defendant stated that she was under the care of Dr. Mazen Ganim, M.D., had been evaluated on April 17, 2026, for persistent post-viral systemic complications including, cardiovascular issues, was scheduled for a heart monitor, and had been advised to avoid stress to the greatest extent possible. The motion requested a 30-day continuance and extension based on the medical evaluation.

The federal docket further reflects medical documentation attached to Defendant's March 27, 2026, emergency extension motion and to the April 21, 2026, motion, and multiple subsequent extensions of the federal response deadline.

II. RELEVANCE AND NARROW SCOPE

Plaintiff seeks only records sufficient to verify the specific medical representations Defendant has made concerning the dates and status of the medical events she has relied upon. Plaintiff does not seek unrelated medical history, unrelated diagnoses, or records outside the limited period and subjects described below.

Texas Rule of Civil Procedure 192.3 permits discovery of nonprivileged matter relevant to the subject matter of the pending action. Rule 192.4 requires reasonable limits and proportionality. See In re K & L Auto Crushers, LLC, 627 S.W.3d 239, 247-48 (Tex. 2021).

Texas Rule of Civil Procedure 205 permits discovery from nonparties by subpoena, including requests for production of documents. Rule 205.2 requires notice to the nonparty and all parties, and Rule 205.3 governs production of documents and tangible things without a deposition.

Texas Rule of Evidence 509 protects confidential physician-patient communications, but Rule 509(e)(4) provides an exception for relevant information concerning a patient's physical, mental, or emotional condition in a proceeding in which a party relies on the condition as part of a claim or defense. See R.K. v. Ramirez, 887 S.W.2d 836, 842-44 (Tex. 1994). The Texas Supreme Court has emphasized that any disclosure must be no broader than necessary. Id. at 844.

Plaintiff therefore requests a narrowly tailored procedure that permits Defendant to object and permits the Court to determine the appropriate scope, rather than requesting unrestricted disclosure of private medical information.

III. REQUESTED DISCOVERY

Plaintiff requests authorization to serve subpoenas, pursuant to Texas Rules of Civil Procedure 205 and 176, on the medical providers identified in Defendant's own filings, including Dr. Mazen Ganim, M.D., and any provider or facility specifically identified in the July 20, 2026, Jones motion as having performed the cardiac evaluation, pre-operative testing, cardiac ablation, hospitalization, or surgical procedures described therein. Plaintiff will identify each provider by the exact name appearing in the records or filings before service.

1. Appointment or scheduling records showing whether a cardiac ablation was scheduled for August 5, 2026, and any subsequent record showing whether that appointment occurred, was cancelled, or was rescheduled.

2. Records showing the date and reason for any cancellation, postponement, or rescheduling of the August 5, 2026, cardiac ablation.

3. Records of the July 29, 2026, pre-operative testing described in Defendant's July 20, 2026. motion, if such testing occurred.

4. Cardiology records from April 17, 2026, through August 31, 2026, that directly concern the cardiac evaluation, heart monitoring, planned ablation, or medical restrictions Defendant identified in her filings.

5. Records sufficient to identify the date of the March 26, 2026, COVID-19 diagnosis and the medical restrictions or treatment directly relied upon by Defendant in requesting continuances or extensions.

6. Any medical directive or provider communication specifically addressing Defendant's ability to participate in litigation, including the medical directive from Dr. Mazen Ganim, M.D., referenced as an exhibit to Defendant's April 21, 2026, federal motion, to the extent it is not already in Plaintiff's possession.

Plaintiff does not seek unrelated medical records or a general medical history.

IV. PROPORTIONALITY

The requested discovery is limited to the particular medical events and representations Defendant has placed before the courts. The records sought are narrower than a request for Defendant's complete medical file and are directed to dates and events Defendant has expressly relied upon. The requested information is important because Defendant has used those medical representations to obtain extensions and continuances and because the Court must be able to evaluate the factual basis of a representation when it is placed before the Court as a reason for procedural relief.

V. RELIEF REQUESTED

Plaintiff respectfully requests that the Court authorize limited nonparty discovery concerning the specific medical events identified above, permit Plaintiff to proceed under Rules

205 and 176 after the required notice period, and enter any protective limitations the Court finds appropriate to protect Defendant's legitimate privacy interests while permitting discovery of information that Defendant has placed at issue.

Plaintiff further requests that any dispute over privilege, relevance, or scope be presented to the Court before production of records beyond the narrowly defined categories above.

WHEREFORE, Plaintiff respectfully requests that this Motion be granted and that Plaintiff receive such other and further relief to which she may be entitled.

Respectfully submitted:
/s/ Deborah Kay Swan
Deborah Kay Swan, Plaintiff, Pro Se
Date: August 24, 2026

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on Defendant Christine Finger by a method authorized by Texas Rule of Civil Procedure 21a on August 24, 2026.

/s/ Deborah Kay Swan

Deborah Kay Swan, Plaintiff, Pro Se

# Email Attachment No. 4

**IN THE 284TH JUDICIAL DISTRICT COURT**

**MONTGOMERY COUNTY, TEXAS**

**CAUSE NO. 26-01-00747**

DEBORAH KAY SWAN,

Plaintiff, Pro Se

v.

CHRISTINE FINGER,

Defendant, Pro Se

## PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT'S REQUEST FOR EXTENSION OF TIME

TO THE HONORABLE JUDGE KRISTIN BAYS:

Plaintiff Deborah Kay Swan files this Response and Objection to Defendant Christine Finger's request for a two-week extension of the August 31, 2026 deadline for responding to Plaintiff's Requests for Admissions. Plaintiff does not consent to the requested extension and respectfully requests that Defendant seek any extension from the Court.

On July 31, 2026, Plaintiff served her First Requests for Admissions to Defendant Christine Finger. The docket identifies that filing as Plaintiff Deborah Swan's First Requests for Admissions to Defendant Christine Finger. Defendant now asks to extend the August 31, 2026 response deadline to September 14, 2026.

Defendant's request states that she is subject to an August 31, 2026 summary-judgment deadline in Finger v. United Airlines, Inc., Case No. 4:20-cv-04205. The federal docket reflects that Judge Andrew S. Hanen granted Defendant's June 12, 2026 motion for extension and ordered that responses are due August 31, 2026.

Plaintiff does not dispute that the federal deadline exists. Plaintiff objects to transferring the effect of that separate federal deadline onto Plaintiff's discovery deadline in this case without an order of this Court.

The record also shows substantial litigation activity by Defendant in both the federal action and Christine Finger v. Thomas (T.R.) R. Jones, Cause No. 25-12-19927. In the Jones matter, Defendant filed a Motion for Continuance on July 20, 2026 requesting a 60-day continuance of all deadlines and settings. She later filed an Agreed/Unopposed Motion for Continuance, and the trial was reset to December 7, 2026.

In this action, Defendant filed a Motion to Dismiss, to Strike False Indigency Filings, to Revoke In Forma Pauperis Status, and for Sanctions for Fraud Upon the Court on August 7, 2026. The docket identifies that filing as 89 pages. Defendant filed a supplemental filing on August 10, 2026, followed by additional filings, while Plaintiff filed responses and objections on August 10, August 12, and August 13.

Plaintiff submits these matters only to establish the procedural chronology and the competing deadlines Defendant has placed before the Court. Plaintiff does not ask the Court to infer from motion practice alone that Defendant acted improperly. The issue is whether Defendant has shown sufficient cause for an additional extension of a discovery response deadline that is already established by the applicable rules and docket.

Texas Rule of Civil Procedure 198.2(a) generally requires a response to requests for admissions within 30 days after service. Rule 198.2(c) provides that if a response is not timely served, the request is considered admitted without the necessity of a court order. The Texas Supreme Court has recognized that the response time may be modified by agreement or by court order for good cause. Marino v. King, 355 S.W.3d 629, 632-33 (Tex. 2011).

Texas Rule of Civil Procedure 251 provides that a continuance may be granted only for sufficient cause supported by affidavit, by consent of the parties, or by operation of law. Plaintiff respectfully requests that any enlargement of the August 31 deadline be presented to and determined by this Court under the applicable rules.

Plaintiff therefore respectfully requests that the Court deny the requested extension unless and until Defendant establishes sufficient cause by a properly filed motion and the Court determines that an extension is warranted. Plaintiff further requests that the August 31, 2026 deadline remain in effect unless the Court orders otherwise.

WHEREFORE, Plaintiff Deborah Kay Swan respectfully requests that the Court deny Defendant's requested two-week extension, or alternatively require Defendant to present the request to the Court by formal motion with supporting evidence, and grant all other relief to which Plaintiff may be entitled.

Respectfully submitted:

/s/ Deborah Kay Swan
Deborah Kay Swan, Plaintiff, Pro Se
Date: August 24, 2026

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on Defendant Christine Finger by a method authorized by Texas Rule of Civil Procedure 21a on August 24, 2026.

/s/ Deborah Kay Swan
Deborah Kay Swan, Plaintiff, Pro Se

**Email Attachment No. 5**

# CASE NO. 26-01-00747
## DEBORAH KAY SWAN VS. CHRISTINE FINGER

| Other Events on This Case | Image | Page Count |
|---|---|---|
| 01/14/2026 E-Filed Original Petition Document | Original Petition and Jury Demand | 6 |
| 01/14/2026 Indigency Oath Filed | Statement of Inability to Afford Payment of Court Costs | 5 |
| 01/15/2026 Request for Service | Request for Issuance of Citation - Certified Mail - Christine Finger | 2 |
| 01/16/2026 Amended Petition | Plaintiff's First Amended Original Petition | 8 |
| 01/20/2026 Request for Service | Corrected Request for Service - Christine Finger | 2 |
| 02/17/2026 Amended Petition | Plaintiff's Second Amended Original Petition | 6 |
| 02/17/2026 Amended Filing | Plaintiff's Request for Issuance of Citation for Service of Second Amended Original Petition | 2 |
| 03/03/2026 Motion (No Fee) | Plaintiff's Motion for Substituted Service on Defendant by Email (Tex. R. Civ. P. 106) | 4 |
| 03/03/2026 Proposed Order | Proposed Order Granting Substituted Service by Email (TRCP 106) | 3 |
| 03/03/2026 Motion (No Fee) | Plaintiff's Motion for Substituted Service on Defendant by Email (Tex. R. Civ. P. 106) | 4 |
| 05/01/2026 Injunction or Show Cause (OCA) | CCL6 - Show Cause Order | 1 |
| | SCO Email Confirmation | 1 |
| | SCO Regular Mail Confirmation - Deborah Kay Swan | 1 |
| 05/15/2026 Show Cause Hearing (OCA) | CCL6 - Show Cause Order | 1 |
| 05/15/2026 Motion (No Fee) | Plaintiff's Verified Response to Show Cause Order and Motion to Retain Case on Docket | 4 |
| 05/15/2026 Notice | Notice of Emergency Transportation Hardship and Request to Retain Case | 3 |
| 05/15/2026 Request | Emergency Request for Remote Appearance by Zoom to the Honorable Judge of Said Court | 3 |
| 05/15/2026 No Fee Documents | Plaintiff's Supplemental Verification / Unsworn Declaration in Support of Motion to Retain | 2 |
| 05/15/2026 Injunction or Show Cause (OCA) | CCL6 - Show Cause Hearing Reset Notification | 1 |
| | SCO Reset Email Confirmation | 1 |
| | SCO Regular Mail Confirmation - Deborah Kay Swan | 1 |
| 05/28/2026 Notice | Defendant's Notice of Unavailability | 7 |
| 05/28/2026 Proposed Order | Proposed Order on Defendant's Motion to Quash Service | 1 |
| 05/28/2026 Motion (No Fee) | Defendant's Limited Appearance and Motion to Quash Service | 3 |
| 05/29/2026 Signed Order | Order Granting Plaintiff's Motion to Retain Case on Docket | 2 |
| 05/29/2026 Show Cause Hearing (OCA) | CCL6 - Show Cause Hearing Reset Notification | 1 |
| 05/29/2026 Response | Plaintiff's Response and Objection to Defendant's Limited Appearance and Motion to Quash Service and | 6 |
| 05/29/2026 Letters | Letter to the Court from Christine Finger | 2 |
| 07/08/2026 Request | Plaintiff's Corrected Request for Issuance of Alias Citation | 3 |
| 07/08/2026 Request for Service | Request for Issuance or Service - Christine Finger | 1 |
| 07/20/2026 Proposed Order | Proposed Order Granting Defendant's Motion for Continuance | 2 |
| 07/20/2026 Motion for Continuance | Defendant's Motion for Continuance | 8 |
| 07/20/2026 Response | Plaintiff/ Cross-Defendant's General Denial to Counterclaim | 3 |
| 07/20/2026 Proposed Order | Proposed Order Granting Plaintiff/ Cross-Defendant's Motion for Continuance | 2 |
| 07/20/2026 Motion for Continuance | Plaintiff/ Cross-Defendant's Motion for Continuance | 6 |
| 07/21/2026 Original Answer | Defendant Christine Finger's Original Answer | 3 |
| 07/21/2026 Motion for Continuance | Defendant's Supplemental Motion for Continuance | 5 |
| 07/21/2026 Proposed Order | Proposed Order Granting Defendant's Motion for Continuance | 2 |
| 07/23/2026 Docket Control Order | CCL6 - Docket Control Order | 3 |
| | DCO Email Confirmation | 1 |
| | DCO Regular Mail Confirmation - Christine Finger | 1 |
| | DCO Regular Mail Confirmation - Deborah Kay Swan | 1 |
| 07/23/2026 Motion (No Fee) | Plaintiff's Motion to Withdraw Jury Demand and Request for Bench Trial | 5 |
| 07/23/2026 No Fee Documents | Defendant's Supplement for Verified Motion for Continuance | 10 |

| | | |
|---|---|---|
| 07/27/2026 Intra-County Court Transfer Order | Request for and Order of Transfer (From CCL#6 to 284th) | 1 |
| 07/31/2026 Request for Trial Setting | Request to Set Case for Bench Trial and Maintain Previously Pleaded Bench-Trial Request | 13 |
| 07/31/2026 Request | Plaintiff Deborah Swan's First Requests for Admissions to Defendant Christine Finger | 12 |
| 07/31/2026 Objection | Defendant's Objection to Plaintiff's Motion to Withdraw Jury Demand and Request for Bench Trial | 7 |
| 08/03/2026 Notice | Defendant's Supplemental Notice Regarding Plaintiff's Request to Set Case for Bench Trial | 4 |
| 08/03/2026 Proposed Order | Proposed Order on Plaintiff's Request to Set Case for Bench Trial | 3 |
| 08/07/2026 Motion to Dismiss | Motion to Dismiss, to Strike False Indigency Filings, to Revoke In Forma Pauperis Status and for San | 94 |
| 08/07/2026 Proposed Order | Proposed Notice of Hearing on Motion to Dismiss | 2 |
| 08/07/2026 Proposed Order | Proposed Order Granting Motion to Dismiss | 2 |
| 08/10/2026 Amended Filing | Defendant's Supplemental Filing Identifying Corrections to Defendant's Motion to Dismiss, to Strike | 6 |
| 08/10/2026 Objection | Plaintiffs Objection and Response to Defendant's Missing August 7, 2026 Motion and Objection | 63 |
| 08/10/2026 Objection | Plaintiff Objection & Response to Defendant's Missing August 7, 2026 Motion and Objection | 63 |
| 08/10/2026 Notice | Defendant's Combined Notice of Filing and Rebuttal to Plaintiff's "Objection and Response | 10 |
| 08/12/2026 Notice | Plaintiff's Notice of Filing Summary Chart and Supporting Email Exhibit | 17 |
| 08/12/2026 Objection | Plaintiff's Consolidated Response and Objections to Defendant's Motion to Dismiss | 104 |
| 08/13/2026 Affidavit | Plaintiff's Unsworn Declaration in Support of Her Response and Objections to Defendant's Motion | 45 |
| 08/19/2026 Docket Control Order | Docket Control Order | 3 |
| | Docket Control Order - Email Confirmation | 1 |
| 01/19/2027 Jury Trial | CCL6 - Docket Control Order | 3 |
| 06/07/2027 Jury Trial | Docket Control Order | 3 |

| **Other Images on This Case** | **Image** | **Page Count** |
|---|---|---|
| 01/23/2026 PDF Documents | f/c - Citation-Standard - Christine Finger | 2 |
| 01/23/2026 PDF Documents | f/c - Clerks Certificate of Service by Certified Mail - CMRRR 110300 - Christine Finger | 2 |
| 02/18/2026 Images | Unexecuted - Certified Mail Citation - Christine Finger | 4 |
| 07/14/2026 PDF Documents | f/c - Citation-Standard - Christine Finger | 2 |

# Email Attachment No. 6

Skip to Main Content Logout My Account Search Menu New Civil Search Back Location : All Courts Help
Questions and Answers on Images

# CASE NO. 25-12-19927
## CHRISTINE FINGER VS. THOMAS (T.R.) R. JONES

| Other Events on This Case | Image | Page Count |
|---|---|---|
| 12/05/2025 Original Petition (OCA) | Plaintiff's Original Petition for Breach of Written Contract and in the Alternative, Quantum Meruit | 35 |
| 12/05/2025 Request for Service | Request for Issuance or Service - Thomas (T.R.) R. Jones | 1 |
| 01/02/2026 Original Answer | Defendant's Original Answer | 3 |
| 01/02/2026 Docket Control Order | CCL6 - Docket Control Order | 3 |
| | DCO Email Confirmation | 1 |
| 02/04/2026 No Fee Documents | Plaintiff's Certificate of Service of Docket Control Order | 4 |
| 02/04/2026 Notice | Plaintiff's Notice of Service of Discovery | 2 |
| 02/20/2026 Notice of Representation | Appearance of Counsel | 3 |
| 03/26/2026 Notice | Plaintiff's Notice of Service of Second Set of Discovery | 6 |
| 04/06/2026 Certificate of Written Discovery | Plaintiff's Certificate of Written Discovery | 3 |
| 04/24/2026 Certificate of Written Discovery | Defendant's Certificate of Written Discovery | 3 |
| 07/14/2026 Cross Action/Counterpetition | Defendant's Amended Original Answer, Affirmative Defenses, and Original Counter Claim | 4 |
| 07/20/2026 Response | Plaintiff/ Cross-Defendant's General Denial to Counterclaim | 3 |
| 07/20/2026 Motion for Continuance | Plaintiff/ Cross-Defendant's Motion for Continuance | 6 |
| 07/20/2026 Proposed Order | Proposed Order Granting Plaintiff/ Cross-Defendant's Motion for Continuance | 2 |
| 07/31/2026 Notice | Plaintiff/Cross Defendant's Notice of Filing Error and Correction | 4 |
| 07/31/2026 Motion for Continuance | Plaintiff Cross Defendant's Agreed/Unopposed Motion for Continuance | 4 |
| 08/04/2026 Order for Continuance | Order Granting Plaintiff/Cross-Defendant's Agreed/Unopposed Motion for Continuance | 4 |
| 08/04/2026 Notice of Hearing | CCL6 - Notice of Trial Reset | 1 |
| | Trial Reset Email Confirmation | 1 |
| | Trial Reset Regular Mail Confirmation - Christine Finger | 1 |
| 10/19/2026 Bench Trial | CCL6 - Docket Control Order | 3 |
| 12/07/2026 Bench Trial | CCL6 - Notice of Trial Reset | 1 |

| Other Images on This Case | Image | Page Count |
|---|---|---|
| 12/08/2025 PDF Documents | f/c - Citation-Standard - Thomas (T.R.) R. Jones | 2 |
| 12/19/2025 Images | Executed CItation - Thomas (T.R.) R. Jones | 2 |
| 01/02/2026 PDF Documents | DCO Regular Mail Confirmation - Christine Finger | 1 |
| 01/02/2026 PDF Documents | DCO Regular Mail Confirmation - Thomas (T.R.) R. Jones | 1 |