CIVIL ACTION NO. 4:20-cv-04205

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**CHRISTINE FINGER,**
**Plaintiff, Pro Se**

**v.**

**UNITED AIRLINES, INC.,**
**Defendant.**

# PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S OPPOSED MOTION FOR EXTENSION OF TIME [DKT. 256], NOTICE OF CORRECTED EXHIBIT A (DKT 255) AND CLARIFICATION OF DEFENDANT'S CONFERENCE POSITION

**TO THE HONORABLE JUDGE ANDREW S. HANEN:**

COMES NOW Plaintiff Christine Finger, proceeding pro se, and respectfully submits this Reply to Defendant United Airlines, Inc.'s **Response to Plaintiff's Opposed Motion for Extension of Time [Dkt. 256]**, to correct Defendant's characterization of the parties' conference history, clarify the relief actually

opposed by Defendant, and replace the inadvertently blank Exhibit A filed with Plaintiff's Partially Opposed Supplemental Motion [Dkt. 255] with the intended September 1, 2026 HCA documentation.

**INTRODUCTION**

**Defendant's Response [Dkt. 256] states that Plaintiff "filed an opposed motion seeking an additional extension of the deadline through September 14, 2026." That description does not accurately convey the parties' actual conference history. Defendant had already twice expressly advised Plaintiff that United was unopposed—first to Plaintiff's three-day extension through September 3, 2026, and thereafter to the enlarged one-week extension through September 7, 2026. Defendant opposed only Plaintiff's later request for the additional week from September 7 through September 14.**

**Plaintiff accurately disclosed that distinction when she filed Dkt. 255 as a Partially Opposed Supplemental Motion. Dkt. 255 expressly states that Defendant did not oppose an extension through September 7 and opposed only the additional week through September 14, and Plaintiff's Certificate of Conference repeats that exact distinction.**

**Because Defendant's Response omits that material portion of the conference history, Plaintiff submits the contemporaneous email correspondence as Exhibit B so that the Court may see the parties' actual communications directly. Plaintiff also submits Corrected Exhibit A, the September 1 HCA**

**physician documentation that was intended to accompany Dkt. 255 but was inadvertently uploaded as a blank attachment.**

## I. DEFENDANT'S RESPONSE INACCURATELY CHARACTERIZES THE PARTIES' CONFERENCE POSITION AND OMITS UNITED'S EXPRESS AGREEMENT NOT TO OPPOSE AN EXTENSION THROUGH SEPTEMBER 7, 2026

Defendant's Response does not accurately present the parties' conference history. Plaintiff first requested a **three-day extension through September 3, 2026**. On **August 31, 2026 at 10:31 a.m.**, Defendant's counsel, Amit Misra, responded: **"You may mark United as unopposed."** Plaintiff then filed **Dkt. 254**, expressly titled *Plaintiff's Unopposed Motion for Three-Day Extension of Time*, and its Certificate of Conference stated that Defendant was unopposed through September 3.

**Exhibit B** confirms that exchange. Plaintiff's August 31 follow-up referenced the requested three-day extension, and at **10:31 a.m.** Misra expressly authorized Plaintiff to mark United **"unopposed."**

Later that same day, **August 31, 2026 at 4:00 p.m.**, Plaintiff asked Defendant to enlarge the extension from three days to **one week, through September 7, 2026**. At **4:31 p.m.**, Misra again responded: **"Please mark United as unopposed."** Plaintiff's September 1 email then memorialized that agreement, thanking counsel for **"agreeing not to oppose my extension request from 3 days to a week."**

Only after Plaintiff's **September 1 HCA diagnosis** did Plaintiff request **one additional week, from September 7 through September 14**. On **September 2 at 9:39 a.m.**, Plaintiff expressly referred to the **"already-unopposed one-week extension"** and asked whether United would agree to the additional week. At **9:44**

**a.m.**, Misra responded that United opposed a **two-week extension**. Plaintiff then clarified again at **10:58 a.m.** that she was asking counsel to reconsider opposition only to the **"additional week from Sept 7 through September 14."** At **12:27 p.m.**, Misra responded: **"my client will not agree to an additional week. Please file your motion marking United as opposed."**

That correspondence establishes the conference history in three distinct steps:

**First:** three days, through September 3 — **unopposed**.
**Second:** one week, through September 7 — **unopposed**.
**Third:** one additional week, through September 14 — **opposed**.

Plaintiff therefore accurately filed **Dkt. 255 as a Partially Opposed Supplemental Motion**. Dkt. 255 expressly states that Defendant **did not oppose the extension through September 7, 2026, but opposed only the additional requested week through September 14, 2026**.

The same distinction was repeated again in the **Defendant's Position** section of Dkt. 255, where Plaintiff stated that Defendant did not oppose Dkt. 254 through September 3, later advised that it would not oppose an extension through September 7, and opposed only the additional requested week through September 14.

Plaintiff's **Certificate of Conference** likewise states:

> "Defendant advised that it also would not oppose an extension through September 7, 2026."

and:

> "Defendant opposes only Plaintiff's request for the additional week through September 14, 2026."

Accordingly, Defendant's present characterization of Dkt. 255 simply as an **"opposed motion"** omits a material portion of the parties' actual conference history. The record shows that United had already twice agreed not to oppose Plaintiff's requested enlargements of time and opposed only the **additional week beyond September 7**.

Plaintiff respectfully asks the Court to consider the contemporaneous correspondence attached as Exhibit B and the Certificate of Conference contained in Dkt. 255 in determining the parties' actual positions.

III**. CLARIFICATION OF ALTERNATIVE DEADLINE REQUESTED**

Plaintiff respectfully requests clarification of the minimum alternative deadline should the Court decline to grant the requested extension through **September 14, 2026**.

As demonstrated above, Defendant expressly agreed not to oppose an extension through **Monday, September 7, 2026**. Plaintiff has since realized that September 7, 2026 is **Labor Day, a federal legal holiday**. Accordingly, pursuant to **Federal Rule of Civil Procedure 6(a)(1)(C),** Plaintiff respectfully requests that the already-unopposed September 7 deadline extend through **Tuesday, September 8, 2026**, the next business day.

This clarification is particularly important because Plaintiff is proceeding pro se and is still learning the Court's electronic filing system. The remaining summary-judgment submission consists of **hundreds of pages of exhibits**, and Plaintiff is not confident that she can reliably upload that volume electronically without error. Indeed, Plaintiff's intended September 1 HCA medical exhibit attached to Dkt. 255 was inadvertently filed as a blank page, which Plaintiff is correcting with this Reply.

If necessary Plaintiff is planning  to personally submit the remaining summary-judgment exhibits through the Clerk's Office rather than risk another incomplete electronic filing. Because the courthouse will not be available for ordinary business on the September 7 federal holiday, Plaintiff respectfully requests that, **if the Court does not grant the requested extension through September 14, 2026, Plaintiff be permitted at minimum through Tuesday, September 8, 2026 to complete and file the remaining exhibits.**

## IV. LIMITED STATEMENT REGARDING THE ALLEGATIONS SUBMITTED BY DEBORAH SWAN

Defendant's Response also attaches allegations supplied by **Deborah Swan, Plaintiff's adversary in a separate pending state-court lawsuit**. Defendant itself describes those assertions as matters that "Ms. Swan alleges" and "Ms. Swan contends."

Plaintiff states unequivocally that **she has made no misrepresentation to this Court concerning her medical condition, treatment, or medical limitations**.

Because this Reply is being filed promptly to correct Defendant's characterization of the parties' extension agreement and to cure the inadvertently blank HCA exhibit, Plaintiff will separately address the collateral medical allegations supplied by Ms. Swan, together with the appropriate documentary record. Plaintiff respectfully requests that no adverse inference be drawn from unadjudicated allegations made by an opposing litigant in a separate proceeding before Plaintiff has had an opportunity to respond fully.

## PRAYER

WHEREFORE, Plaintiff Christine Finger respectfully requests that the Court:

1. accept Plaintiff's corrected **Exhibit A**, containing the September 1, 2026 HCA physician documentation that was inadvertently filed as a blank attachment to Dkt. 255;
2. **Exhibit B**: Email thread recognize that Defendant expressly agreed not to oppose Plaintiff's extension through **September 7, 2026**, and opposed only the additional requested week through **September 14;**
3. grant Plaintiff's requested extension through **September 14, 2026**;
4. alternatively, if the Court declines to grant the September 14 deadline, extend Plaintiff's deadline **at minimum through Tuesday, September 8, 2026**, the first business day following the already-unopposed **September 7** date and Labor Day federal holiday;
5. permit Defendant the corresponding extension of its reply deadline that Plaintiff has previously stated she does not oppose; and
6. grant Plaintiff all other relief to which she may be justly entitled.

Respectfully submitted,

**/s/ Christine Finger**
Christine Finger
Plaintiff, Pro Se

47 N. High Oaks Circle

The Woodlands, Texas 77380

1Ladyfinger@gmail.com

832-656-6999

**CERTIFICATE OF SERVICE**

I certify that on September 3, 2026, a true and correct copy of the foregoing was served through the Court's CM/ECF system and by email upon counsel for Defendant, Amit K. Misra, at amit@misralegal.com.

**/s/ Christine Finger**
Christine Finger, Pro Se