CIVIL ACTION NO. 4:20-cv-04205

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**CHRISTINE FINGER,**
**Plaintiff, Pro Se**

**v.**

**UNITED AIRLINES, INC.,**
**Defendant.**

**PLAINTIFF'S MOTION FOR LEAVE TO FILE LIMITED SUPPLEMENTAL REPLY ADDRESSING COLLATERAL ALLEGATIONS IN DEFENDANT'S RESPONSE [DKT. 256] AND REQUEST FOR EXPEDITED CONSIDERATION**

TO THE HONORABLE JUDGE ANDREW S. HANEN:

COMES NOW Plaintiff Christine Finger, proceeding pro se, and respectfully moves for leave to file this limited Supplemental Reply addressing collateral allegations introduced for the first time in Defendant United Airlines, Inc.'s Response **[Dkt. 256].**

***Because Plaintiff's summary judgment Exhibit deadline remains immediately pending and the Court's ruling on Dkts 255 256 and 257 will determine the time available for Plaintiff's filing, Plaintiff respectfully requests expedited consideration of this Motion.***

## INTRODUCTION

Plaintiff filed her Reply [Dkt. 257] on September 3, 2026, to promptly correct Defendant's inaccurate characterization of the parties' extension agreement in Dkt. 256, replace the inadvertently blank HCA exhibit filed with Dkt. 255, and make clear that United had **expressly agreed not to oppose Plaintiff's extension through September 7, 2026, and opposed only Plaintiff's later request for the additional week through September 14, 2026**.

Because September 7, 2026 is Labor Day, Plaintiff also requested in Dkt. 257 that, if the Court does not grant the requested extension through September 14, Plaintiff be permitted **at minimum through Tuesday, September 8, 2026**, the first business day following the already-unopposed September 7 date. Plaintiff relies upon Dkt. 257 and its attached exhibits for that conference chronology and does not repeat it here.

This limited Supplemental Reply addresses only the **collateral medical allegations introduced in Defendant's Response [Dkt. 256] through materials supplied by Deborah Swan, Plaintiff's adverse litigant in a separate pending state-court action**. Defendant itself characterizes those assertions as matters that "Ms. Swan alleges" and "Ms. Swan contends."

Plaintiff respectfully states at the outset that **she has made no misrepresentation to this Court regarding her medical condition, treatment, medical restrictions, or limitations**. The medical circumstances relied upon in this federal action have been repeatedly supported by physician documentation and medical records filed with this Court. Plaintiff addresses these collateral allegations because Defendant has now placed them before this Court.

## I. COLLATERAL STATE-COURT FILING ACTIVITY DOES NOT ESTABLISH ANY FALSE MEDICAL REPRESENTATION

The premise of Ms. Swan's submission is that the existence of filings in other litigation during periods in which Plaintiff experienced documented medical restrictions somehow demonstrates that Plaintiff misrepresented her medical condition. It does not.

A docket filing date does not establish **when the research, drafting, document collection, or substantive work reflected in that filing was actually performed**. Plaintiff had been researching, collecting, and preparing materials concerning both the Swan litigation and the separate T.R. Jones litigation for substantial periods before many of the later docket entries identified in Ms. Swan's chronology.

Ms. Swan filed her lawsuit against Plaintiff in **January 2026**, but Plaintiff was not served until approximately **July 18, 2026**. Ms. Swan also filed the related action **Swan v. Chris Mortenson** approximately one week after filing the action against Plaintiff. Those related proceedings involved overlapping documents, communications, factual allegations, and other materials that Plaintiff had been researching, collecting, and organizing for approximately **six months before she was finally served**.

Likewise, Plaintiff filed her separate lawsuit against T.R. Jones in **December 2025**. Plaintiff had deliberately postponed filing that action for approximately **three years because of the substantial strain, time, and resources already required by this federal litigation**. As the applicable limitations period approached expiration, however, Plaintiff could no longer defer filing the Jones action without risking loss of her claim and therefore filed suit in December 2025.

Because Plaintiff had been preserving and preparing the Jones claim for years before suit was filed, the relevant records, documentation, factual chronology, and substantial portions of the supporting research had already been collected

and organized. Much of that work therefore **predated Plaintiff's March 26, 2026 COVID-19 diagnosis and the subsequent periods of medically documented restrictions**.

Accordingly, later docket entries in either state-court matter do not establish that Plaintiff performed all of the underlying research, drafting, or preparation on the dates those documents were ultimately filed. The fact that previously researched, drafted, or substantially prepared materials were later finalized and electronically filed does not contradict documented periods during which Plaintiff's physicians restricted her ability to engage in sustained litigation activity.

Plaintiff also did not conceal her competing litigation obligations. In seeking continuance relief in the state-court proceedings, Plaintiff expressly disclosed the substantial and ongoing summary-judgment litigation in this federal action, including the August 31, 2026 federal deadline. Plaintiff therefore did not tell one court that no other litigation activity existed while representing something different to another court.

## II. THE AUGUST 7 FILING DOES NOT ESTABLISH THAT PLAINTIFF PREPARED AN 89-PAGE MOTION DURING THE TWO DAYS FOLLOWING THE SCHEDULED AUGUST 5 PROCEDURE

Defendant relies upon Ms. Swan's assertion that Plaintiff filed an 89-page pleading in the Swan matter on August 7, 2026. That filing date does not establish that Plaintiff researched and drafted 89 pages during the two days immediately following the scheduled August 5 cardiac procedure.

As explained above, much of the factual record, documentation, research, and supporting material concerning the Swan dispute had been assembled over approximately **six months**, beginning shortly after the related litigation arose in January 2026. The August 7 filing incorporated and organized substantial

material that had already been researched, collected, and prepared well before Plaintiff's later medical restrictions.

The surrounding chronology is also important. Ms. Swan served her first Requests for Admissions on **July 31, 2026**, immediately after Plaintiff learned on **July 30, 2026** that her dog Henry had been diagnosed with a serious splenic tumor and required further diagnostic evaluation to determine whether surgical intervention was appropriate.

Plaintiff was therefore simultaneously required to make significant decisions regarding Henry's medical care and her own scheduled cardiac procedure. Under those unexpected circumstances, Plaintiff cancelled the August 5 cardiac ablation rather than proceed with a significant cardiac procedure while confronting Henry's medical emergency.

Accordingly, neither the August 7 filing date nor the length of that filing establishes that Plaintiff performed the underlying substantive research and preparation during the period immediately surrounding the scheduled August 5 procedure.

## III. DEFENDANT'S RESPONSE MATERIALLY MISSTATES PLAINTIFF'S REPRESENTATION CONCERNING THE AUGUST 5 CARDIAC ABLATION

Defendant states that Ms. Swan contends Plaintiff informed the Jones court that she **"underwent a cardiac ablation on August 5, 2026."** Dkt. 256 at 2.

That characterization is incorrect.

Plaintiff never represented that the cardiac ablation actually occurred on August 5. To the contrary, the underlying materials Defendant itself filed state that

Plaintiff **“was scheduled for a cardiac ablation on August 5, 2026.”** Defendant’s Response changes that representation from **“scheduled”** to **“underwent.”**

The procedure was, in fact, scheduled for August 5, 2026.

Shortly before that date, Henry was diagnosed with the serious splenic tumor described above and required additional diagnostic evaluation concerning possible surgical intervention. Plaintiff cancelled the August 5 cardiac procedure under those unexpected circumstances.

Plaintiff subsequently contacted her cardiology provider to reschedule the ablation. The **earliest available date was October 14, 2026, at 12:30 p.m.**, and the procedure was rescheduled for that date.

Accordingly, there was **no inconsistency and no misrepresentation**. Plaintiff represented that the procedure was **scheduled** for August 5. It was scheduled for August 5. Plaintiff never represented to this Court or the state court that the cardiac ablation was actually performed on August 5.

## IV. PLAINTIFF’S MEDICAL CONDITIONS AND RESTRICTIONS HAVE BEEN DOCUMENTED BEFORE THIS COURT

Plaintiff’s medical circumstances have not rested upon unsupported statements. This Court has received medical documentation concerning Plaintiff’s COVID-19 illness, subsequent complications, cardiac evaluation and monitoring, physician-imposed limitations, continuing treatment, and recommendations concerning further cardiac treatment, including the cardiac ablation.

The relevant issue is not whether Plaintiff was physically capable of completing or electronically filing an isolated document at a particular point in time. The issue is whether Plaintiff’s documented medical circumstances materially

affected her ability to perform the **sustained concentration, reconstruction, organization, cross-referencing, and filing required for the extensive summary-judgment evidentiary record in this federal action**.

The remaining federal submission consists of hundreds of pages drawn from thousands of pages of discovery, deposition testimony, internal United communications, occupational-injury records, arbitration materials, employment records, and other evidence. The ability to complete or file an isolated document in another matter does not establish the ability to continuously perform that substantially different and significantly more demanding task.

## V. THE COLLATERAL ACCUSATIONS ARE UNFAIRLY PREJUDICIAL AND DISPROPORTIONATE TO THE LIMITED SCHEDULING ISSUE BEFORE THE COURT

Plaintiff is deeply troubled that Defendant elected, in response to a narrow request for several additional days to complete her summary-judgment exhibits, to place before this Court approximately thirty pages of accusations and collateral filings supplied by **an adverse litigant actively suing Plaintiff in a separate state-court proceeding**.

Those materials contain **no judicial finding** that Plaintiff fabricated an illness, misrepresented her medical treatment, or misled any court. Yet their inclusion creates precisely that prejudicial implication while requiring Plaintiff—already attempting to complete the extensive evidentiary record in this action—to divert still more time and resources to defend herself against collateral accusations having nothing to do with the merits of her employment-discrimination claims.

Plaintiff respectfully submits that the introduction of these collateral accusations is **unnecessarily prejudicial and disproportionate to the limited scheduling issue before the Court**.

Particularly troubling is that Defendant's Response itself converts Plaintiff's documented representation that a cardiac ablation was **scheduled** for August 5 into a statement that Plaintiff had **"underwent"** the procedure and then relies upon that materially different premise to suggest inconsistency.

Plaintiff does not ask this Court to resolve the merits of her separate state-court litigation. She asks only that unadjudicated allegations supplied by an adverse litigant not be treated as evidence that Plaintiff misrepresented documented medical circumstances to this Court.

**She did not.**

## DECLARATION OF CHRISTINE FINGER

I, Christine Finger, declare as follows:

1. I am the Plaintiff in this action and have personal knowledge of the matters stated in this Declaration.
2. Deborah Swan filed her lawsuit against me in **January 2026**. I was not served with that lawsuit until approximately **July 18, 2026**.
3. Ms. Swan also filed a related lawsuit against Chris Mortenson approximately one week after filing the lawsuit against me. The related proceedings involved overlapping factual information, documents, and communications that I had been collecting and reviewing for months before I was served.

4. I filed my separate lawsuit against T.R. Jones in **December 2025** after delaying that litigation for approximately three years because of the strain, time, and resources already required by this federal action. As the applicable limitations period approached expiration, I could no longer delay filing without risking loss of my claim.
5. Substantial research, document collection, drafting, and preparation relating to both the Swan matter and my separate litigation against T.R. Jones had been performed before many of the later docket filing dates identified in Ms. Swan's materials. A filing date therefore does not establish the date on which the underlying research, drafting, or preparation was performed.
6. I was diagnosed with COVID-19 on **March 26, 2026**. Much of the underlying research, document collection, and preparation described above predated that diagnosis.
7. I disclosed in my state-court filings that I was simultaneously dealing with the extensive summary-judgment proceedings and deadlines in this federal litigation. I did not conceal the existence of my competing litigation obligations from either court.
8. My cardiac ablation was in fact **scheduled for August 5, 2026**. I never represented to any court that the procedure actually occurred on August 5.
9. Shortly before the scheduled procedure, my dog Henry was diagnosed with a serious splenic tumor and required additional diagnostic evaluation in anticipation of possible surgical intervention. Because of those unexpected circumstances, I cancelled the August 5 cardiac procedure.
10. I thereafter contacted my cardiology provider to reschedule the ablation. The earliest available date provided to me was **October 14, 2026, at 12:30 p.m.**, and the procedure is rescheduled for that date.

11. My COVID-19 diagnosis, subsequent medical treatment, cardiac evaluation, heart monitoring, medical restrictions, recommended treatment, and scheduled cardiac ablation have been documented through filings and medical documentation submitted to this Court.
12. On **September 1, 2026**, I was evaluated at HCA, diagnosed with a **new viral infection**, and prescribed new medications. This was a new medical development occurring while I was attempting to complete the remaining summary-judgment exhibit filing. Because of that new diagnosis, I requested the **additional extension from September 7 through September 14, 2026**.
13. I have made **no false or misleading representation to this Court concerning my medical condition, treatment, restrictions, or medical circumstances.**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 4, 2026, in The Woodlands, Texas.

**/s/ Christine Finger**
Christine Finger

**CONCLUSION**

Ms. Swan's submission consists of allegations made by an adverse litigant in a separate pending lawsuit. It does not establish that Plaintiff made any false medical representation, and no court has made such a finding.

Plaintiff has made **no misrepresentation to this Court concerning her medical condition, treatment, restrictions, or limitations**. Defendant's own filing

materially misstates Plaintiff's representation concerning the August 5 cardiac ablation by converting a statement that the procedure was **scheduled** into a statement that Plaintiff had **undergone** the procedure.

Plaintiff respectfully requests that the Court evaluate her extension request based upon the medical documentation and record actually before this Court and not draw an adverse inference from unadjudicated collateral allegations supplied by an opposing litigant in another proceeding.

**PRAYER**

WHEREFORE, Plaintiff Christine Finger respectfully requests that the Court:

1. **Grant Plaintiff leave to file this Limited Supplemental Reply** addressing the collateral allegations introduced in Defendant's Response [Dkt. 256];
2. Consider this Supplemental Reply and Plaintiff's Declaration together with Plaintiff's previously filed Reply [Dkt. 257] in determining the relief requested in Dkts. 255 and 257;
3. Decline to draw any adverse inference concerning Plaintiff's medical condition or credibility from the unadjudicated allegations supplied by Ms. Swan;
4. Recognize that Plaintiff has made **no false or misleading representation to this Court concerning her medical condition, treatment, restrictions, or scheduled cardiac procedure**;
5. Grant Plaintiff's requested extension through **September 14, 2026**; or, alternatively, because Defendant's counsel expressly agreed not to oppose an extension through **September 7, 2026**, as reflected in the correspondence attached to Dkt. 257, and because September 7 is Labor Day, a federal legal holiday, extend Plaintiff's filing deadline **at minimum through Tuesday, September 8, 2026**, the next business day; grant the

extension through **September 14, 2026**, as requested, or alternatively the minimum relief requested in Dkt. 257 through **September 8, 2026**; and

6. Grant Plaintiff such other and further relief, at law or in equity, to which she may be justly entitled.

Respectfully submitted,

**/s/ Christine Finger**
Christine Finger
Plaintiff, Pro Se
47 N. High Oaks Circle
The Woodlands, Texas 77380
832-656-6999
1LadyFinger@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on **September 4, 2026**, a true and correct copy of the foregoing was served through the Court's CM/ECF system and by email upon counsel for Defendant:

Amit K. Misra
The Misra Legal Group, P.C.
639 Heights Boulevard
Houston, Texas 77007
amit@misralegal.com

**/s/ Christine Finger**
Christine Finger, Pro Se