Civil Action No. 4:20-cv-04205

**IN THE UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

**CHRISTINE FINGER,**
Plaintiff, Pro Se

v.

**UNITED AIRLINES, INC.,**
Defendant.

**Expedited Consideration Requested**

**PLAINTIFF'S SUPPLEMENTAL MOTION FOR SHORT EXTENSION OF TIME TO FILE RESPONSE EXHIBITS TO DEFENDANT'S RESTATED MOTION FOR SUMMARY JUDGMENT**

THE HONORABLE JUDGE ANDREW S HANEN

## Expedited Consideration Requested

COMES NOW, Plaintiff Christine Finger, proceeding pro se, and respectfully requests a short additional extension through **Friday, September 18, 2026**, to file her response and supporting exhibits to Defendant United Airlines, Inc.'s Restated Motion for Summary Judgment, Dkt. 226. This Motion supplements Plaintiff's previously filed request for extension, Dkt. 255, which remains pending.

Plaintiff is fully aware that the Court has already afforded her substantial additional time in this case, and she does not make another request lightly. Plaintiff understands the Court's prior orders, recognizes that the previously ordered deadline has passed while her prior request for extension remains pending, and understands that this case must

move forward. Plaintiff remains committed to completing her response and seeing this case through. This request is not made for delay.

Following the Google Chrome computer crash on September 6, Plaintiff was forced to reconstruct a substantial amount of her summary-judgment work from the printed discovery and handwritten notes that remained. Plaintiff has continued working manually from those papers to rebuild her responses, exhibits, Bates references, and supporting citations.

While going back through the proposed exhibits to verify the documents and insert the exact Bates and docket citations, Plaintiff discovered that some of the citations reconstructed from her paperwork do not correspond to the Bates-numbered documents she is now attempting to match against United's summary-judgment materials.

Plaintiff is attaching **one example, her handwritten working review of Question 15, as Exhibit A**, simply to show the Court how this work was actually performed and what Plaintiff is now attempting to reconstruct from the paperwork that remained after the computer loss. Exhibit A consists of Plaintiff's own manual, handwritten review of the discovery, including Bates-number comparisons and notes made while personally reviewing the documents. It was not AI-generated analysis.

Question 15 is only one illustration. Plaintiff's handwritten reconstruction identified portions of the June 28 correspondence at **UNITED005301–005302**, while the materials she is now attempting to reconcile include references to **UNITED005303–005305**. Plaintiff has now caught multiple similar citation and document-version problems. United's discovery production contains numerous copies or versions of the same or substantially similar communications appearing under different Bates numbers, sometimes hundreds or nearly one thousand Bates pages apart.

With hundreds of proposed exhibit pages drawn from thousands of pages of discovery, Plaintiff is now having to determine which version she originally relied upon, whether that same version is actually contained in her proposed exhibit, and whether the citation reconstructed from her paperwork points to the correct document. It is humanly impossible to manually perform that reconciliation accurately within the time presently available.

**The entire purpose of Plaintiff's summary-judgment response is to state whether United's asserted facts are disputed, undisputed, or disputed in part, and then direct the Court to the exact evidence supporting that answer. Plaintiff cannot do that accurately when the Bates numbers and citations in her reconstructed answers do not correspond to the correct documents being cited. Until those citations are reconciled,**

**Plaintiff cannot responsibly tell the Court that a fact is disputed, undisputed, or disputed in part and support that answer with confidence.**

This is particularly important because **Plaintiff's claims include retaliation. Who knew what, who received a particular communication, and when that knowledge existed can be critical to the disputed facts and chronology Plaintiff must present.** A citation to the wrong version of a communication therefore can do much more than create a typographical error; it can materially distort the factual record Plaintiff is asking the Court to consider.

Plaintiff knows it would be inappropriate to file serious factual contentions in federal court while knowing that some of the supporting citations may identify the wrong Bates-numbered document or may not correspond to the same version Plaintiff originally reviewed. Plaintiff likewise knows that she must accurately identify the exhibit and evidentiary support for each contention before signing and submitting it to this Court.

Plaintiff has made repeated and substantial efforts to complete this filing accurately. She even retained paid assistance, at her own expense, to help organize and prepare the extensive exhibit materials for submission. When the Bates references and different versions of the documents still were not consistently lining up with Plaintiff's reconstructed responses, Plaintiff did not simply allow the materials to be filed as they were. She resumed the work herself because she knew that she ultimately had to be able to verify the exhibits and citations she was asking this Court to rely upon.

The problem has therefore not been a lack of effort or attention to the deadline. Plaintiff has continued working, attempted to obtain assistance, incurred expense in doing so, reconstructed lost work from her paper records, and then returned to the underlying discovery again when she discovered that the citations and document versions were not consistently corresponding. Plaintiff has tried every reasonable means available to complete this submission accurately and with due diligence.

Plaintiff is also attempting to **substantially condense** the final evidentiary submission. This case has been pending for almost six years and the discovery record encompasses thousands of pages. Plaintiff does not intend to burden the Court by filing every duplicate or substantially similar version of every document. She is attempting to identify the precise documents necessary to support the disputed facts, eliminate unnecessary duplication, and present the smallest and clearest evidentiary submission reasonably possible.

That effort cannot be completed until Plaintiff first determines which version corresponds to the factual response and citation upon which she relies. Simply filing

every version would unnecessarily multiply an already substantial summary-judgment record and defeat Plaintiff's effort to provide the Court with an organized and usable filing.

There is also a practical filing problem created by the volume of the evidence. Even after Plaintiff eliminates unnecessary duplicates, the supporting exhibits will consist of numerous Bates-stamped documents accumulated during almost six years of litigation and will necessarily comprise multiple exhibit volumes. Plaintiff anticipates separately seeking leave, as necessary, to conventionally file the voluminous supporting exhibits and, if leave is granted, personally deliver the organized exhibit volumes to the Clerk's Office given Plaintiff's concerns regarding her ability to reliably upload and electronically file such a large volume of exhibits.

Plaintiff therefore must not only complete the citation verification, but also print, organize, assemble, and prepare the final evidentiary submission for filing and delivery. That cannot reasonably be completed by September 14 while Plaintiff is simultaneously attempting to reduce the exhibit volume and correct the citation problems rather than simply reproduce them in the final filing.

**The additional time requested is therefore necessary not only to correct the citations, but to produce an organized and accurate evidentiary record that can actually be filed and used by the Court.**

The Federal Rules require Plaintiff to take this verification seriously. Rule 11(b)(3) requires factual contentions to have evidentiary support after an inquiry reasonable under the circumstances, and Rule 11(b)(4) similarly requires denials of factual contentions to be warranted by the evidence or reasonably based on belief or lack of information. Fed. R. Civ. P. 11(b)(3)–(4).

In **Jenkins v. Methodist Hospitals of Dallas, Inc., 478 F.3d 255, 263–66 (5th Cir. 2007)**, the Fifth Circuit affirmed Rule 11 sanctions arising from inaccurate factual material presented in connection with summary judgment where the material had not been adequately verified before it was presented to the court. Plaintiff is attempting to avoid that type of problem by stopping to correct and verify her citations before submitting the final response.

Rule 56 likewise requires a party asserting that a fact is genuinely disputed to cite **"particular parts of materials in the record."** Fed. R. Civ. P. 56(c)(1)(A). The Fifth Circuit has explained that the party opposing summary judgment must identify the specific evidence in the record and articulate the precise manner in which that evidence supports the asserted dispute; the Court is not required to sift through a voluminous record to

locate evidence for the party. **Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998).**

Plaintiff is attempting to comply with these obligations, not avoid them. She is not requesting additional time to develop a new claim, reopen discovery, or create a new theory. She is asking for sufficient time to ensure that the factual disputes she already intends to present are supported by the correct documents and accurate citations.

Plaintiff recognizes that the previously ordered deadline has expired and that her prior request for extension remains pending. Accordingly, to the extent Rule 6(b)(1)(B) applies, Plaintiff respectfully requests that the Court find excusable neglect and permit her response to be filed through September 18, 2026.

Excusable neglect is an equitable determination based upon all relevant circumstances, including the danger of prejudice to the opposing party, the length of the delay and its potential impact upon the proceedings, the reason for the delay including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. **Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993).**

Those considerations support the requested relief here. Plaintiff previously sought additional time rather than simply allowing the deadline to pass without action. Defendant agreed to an extension through September 7, 2026, although it opposed the longer extension Plaintiff requested. Plaintiff continued working throughout that period. She then suffered the September 6 computer crash, reconstructed substantial portions of her work manually from the paper records that remained, retained paid assistance at her own expense in an effort to complete the extensive exhibit submission, and personally resumed that work when she discovered that the Bates references and document versions still could not reliably be reconciled.

The requested additional period is only a few days. Plaintiff has acted in good faith throughout and **does not oppose United receiving the ten-day period it previously requested to file its reply and objections after Plaintiff submits her response and supporting evidence.** Allowing United that requested period further minimizes any possible prejudice resulting from this short extension. Plaintiff seeks this additional time so that both the Court and Defendant receive an accurate summary-judgment record—not to delay these proceedings.

Plaintiff recognizes the history of extensions in this case and appreciates the Court's patience. She is overwhelmed by having to reconstruct substantial portions of this work yet again, but she has not abandoned it. She has continued working and remains committed to completing the response.

What Plaintiff cannot responsibly do is submit the response merely because more time has passed when she now knows that portions of the citations and exhibit references require correction.

**That is exactly why Plaintiff is requesting this short additional period—to make sure that every disputed-fact response and every exhibit citation in this federal summary-judgment filing is accurate before Plaintiff signs it and submits it to the Court.**

Plaintiff provides these circumstances in detail so that the record accurately reflects the efforts she has made to comply with the Court's deadlines and to submit a reliable summary-judgment record despite the computer loss and the document-reconciliation problems discovered during reconstruction.

The requested extension through **September 18, 2026**, will allow Plaintiff to complete that verification, correct the affected citations and responses, eliminate unnecessary duplicate exhibits, and present the Court with a more accurate and substantially more manageable summary-judgment record.

**PRAYER**

For these reasons, Plaintiff respectfully requests that the Court grant this Supplemental Motion and permit Plaintiff through **Friday, September 18, 2026**, to file her response and supporting exhibits to Defendant's Restated Motion for Summary Judgment, Dkt. 226, and grant such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

**/s/ Christine Finger**
Plaintiff, Pro Se

47 N High Oaks Circle

The Woodlands Texas 77380

832-656-6999

1Ladyfinger@gmail.com

**CERTIFICATE OF CONFERENCE**

I certify that Plaintiff previously conferred with Defendant's counsel, **Amit K. Misra**, concerning an extension of Plaintiff's deadline to respond to Defendant's Restated Motion for Summary Judgment. Defendant agreed to an extension through September 7, 2026, but opposed Plaintiff's request for an extension through September 14, 2026.

On September 14, 2026, Plaintiff again contacted Mr. Misra by email at 4:40 am, advised him that she intended to request a short additional extension through September 18, 2026, based upon the citation and exhibit-verification problems discovered while reconstructing her summary-judgment work, and requested Defendant's position.

As of the time of filing, Plaintiff has not received a response to that request. In light of Defendant's previously stated opposition to the requested extension beyond September 7, Plaintiff files this Supplemental Motion as **opposed** and will advise the Court should Defendant communicate a different position.

**Christine Finger**

**CERTIFICATE OF SERVICE**

I certify that on September 14, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will provide electronic notice to counsel of record:

**Amit K. Misra, Esq., P.C.**
The Misra Legal Group
639 Heights Boulevard
Houston, Texas 77007
amit@misralegal.com

**Christine Finger**