**Civil Action No. 4:20-cv-04205**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CHRISTINE FINGER,
Plaintiff, Pro Se

v.

UNITED AIRLINES, INC.,
Defendant.

**PLAINTIFF'S LIMITED NOTICE OF PRESERVATION OF SUMMARY-JUDGMENT EVIDENTIARY OBJECTION AND CLARIFICATION REGARDING EXHIBIT A AND DEFENDANT'S FACT NO. 15**

TO THE HONORABLE JUDGE ANDREW S. HANEN:

Plaintiff Christine Finger, proceeding pro se, respectfully files this limited Notice solely to preserve and clarify an evidentiary issue already placed before the Court in Exhibit A to Plaintiff's September 14, 2026 Supplemental Motion for Short Extension of Time **[Dkt. 261].**

Plaintiff's recent motions have primarily addressed the medical circumstances supporting her requests for additional time. Plaintiff does not reargue those matters here.
Plaintiff respectfully clarifies, however, that her September 14 request also identified a separate and concrete evidentiary issue discovered while comparing Defendant's summary-judgment materials with differing versions of the same documents produced in discovery.

Specifically, Defendant's Statement of Fact No. 15 [Dkt. 226 at 8] relies upon Exhibit 1 at pages 115–117, including UNITED_005303–005305. Plaintiff's previously filed Exhibit A demonstrates materially differing United-produced versions of the same June 29, 2019 email sequence.

Bob Krabbe is expressly displayed as a BCC recipient on UNITED_005296, while other United-produced versions of the June 29 communication and thread do not display him as a BCC recipient, including UNITED_004360, UNITED_004363, UNITED_004372, UNITED_005300, UNITED_005303, and UNITED_005390.

Most significantly, UNITED_004372 and UNITED_005390 are direct renderings of Tammy Holt's approximately 8:54 a.m. communication that do not display Krabbe as BCC, whereas UNITED_005296 displays Krabbe on the BCC line.

Exhibit A further shows a 10:48:33 a.m. communication from Bob Krabbe directly to Tammy Holt stating, "You might suggest she reach out to the MEC," while that intervening communication does not appear in other United-produced renderings of the same email thread.

.Plaintiff therefore preserves her objection under **Fed. R. Civ. P. 56(c)(1)–(3) and Fed. R. Evid. 106 and 1003** to treat the version cited by Defendant as a complete or undisputed representation of the communication. **Rule 106** requires consideration of other portions or related statements when fairness requires completeness, while **Rule 1003** recognizes an exception to reliance upon a duplicate where a genuine question exists concerning authenticity or the circumstances make reliance upon the duplicate unfair.

Plaintiff does not ask the Court through this Notice to determine why the differing versions exist. She preserves the discrepancy because Defendant itself relies upon this email sequence as summary-judgment evidence and because recipient information bears directly upon who had contemporaneous knowledge of, and participated in, the challenged employment decision.
This issue is particularly material to Plaintiff's retaliation claim, where the identity of the persons receiving the communications, the timing of their knowledge, and their participation in the decision-making chronology are directly relevant to the disputed facts before the Court.

Plaintiff asks only that Defendant's Fact No. 15 be evaluated against the complete evidentiary record and the differing United-produced versions already placed before the Court.

This discrepancy also illustrates why Plaintiff's remaining exhibit-verification work has required substantially more than simply assembling and filing documents. Defendant's production contains multiple differing versions of the same email threads under different Bates numbers, including versions with different recipient information, headers, and intervening communications. Plaintiff therefore has had to compare those

versions individually because she cannot assume that one rendering contains the same information as another. That process requires matching each disputed factual assertion to the correct Bates-numbered version, recipient information, and evidentiary citation before Plaintiff can responsibly present the summary-judgment record.

This is not an isolated discrepancy. Plaintiff has encountered the same type of variation repeatedly throughout multiple United-produced email threads. In some instances, the same underlying email sequence appears in approximately thirty or more differing versions across the productions, under different Bates numbers, with portions of the same thread, recipient or header information, and intervening communications included in some versions but absent from others.

Because those differences can materially affect the factual chronology—including who knew what and when- Plaintiff has been required to compare the versions individually rather than rely upon any single rendering.

Plaintiff respectfully submits this Notice so that this distinction is preserved irrespective of the Court's disposition of her pending requests for additional time based on medical circumstances.
Finally, Plaintiff respectfully notes that summary judgment may not be granted merely by default resulting from a failure or delay in responding; Defendant remains obligated to establish its entitlement to judgment unde**r Rule 56. See Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985); John v. Louisiana, 757 F.2d 698, 708–09 (5th Cir. 1985).**

Respectfully submitted,

/s/ Christine Finger
Christine Finger
Plaintiff, Pro Se
47 N. High Oaks Circle
The Woodlands, Texas 77380
832-656-6999
1Ladyfinger@gmail.com

CERTIFICATE OF SERVICE
I certify that on September 16, 2026, a true and correct copy of the foregoing was served through the Court's CM/ECF system upon counsel for Defendant:
Amit K. Misra

The Misra Legal Group, P.C.
639 Heights Boulevard
Houston, Texas 77007
amit@misralegal.com
832-723-4776

/s/ Christine Finger
Christine Finger